ERNEST BROQUET V. FREDERICK W. WARNER, *as Administrator of the estate of John S. Willard, deceased.*

TAX DEED, *Valid Between Holder and Mortgagee.* Where the husband of a co-heiress purchases a tax title upon the land of the heirs, and such husband and wife are not in the possession of such land, *held,* that the tax title is not void as between such tax-title holder and the mortgagee claiming under a mortgage given by the father of such heirs.

*Error from Norton District Court.*

ACTION brought by *Frederick W. Warner,* as administrator of the estate of John S. Willard, deceased, against Mary Blue, Philip Blue, Mary Broquet, *Ernest Broquet,* Sarah L. Croco, William H. Croco, and George W. Burton, upon a promissory note, and to foreclose a mortgage to secure the same, executed by James and Mary Blue to George W. Burton, and assigned by Burton to John S. Willard. Afterward Willard died, and Frederick W. Warner was duly appointed as administrator. No defense was made by any of the defendants, except Ernest Broquet—he being the husband of Mary Broquet, who was a daughter and heir-at-law of James Blue. The petition contains the following allegations as a cause of action against Ernest Broquet:

"That on the first Tuesday of September, 1883, the above-described mortgaged lands were offered for sale in said county at a delinquent tax sale for the satisfaction of $16.97, the whole amount of taxes then due on said land, and the same were bid for and stricken off to defendant Ernest Broquet, in name of E. Broquet; and that on the 16th day of September, 1886, in pursuance of said sale, and for a consideration of $45.89 taxes on said land, paid by said Broquet into the treasury of Norton county, said county did then make and deliver to said Broquet a certain tax deed, a copy of which is herewith filed, marked 'Exhibit N,' and made a part of this complaint, by authority, force and effect of which said Broquet is claiming title to said land adverse to and exclusive of the right, title and interest plaintiff has under and by virtue of his said mortgage; that at the time of said sale to said Broquet, and the execution and delivering of said tax deed to

him, he was the husband of said Mary Broquet, who had an interest in said land as the heir of James Blue, which gave him an interest in said land, making it his duty to pay said taxes, and forbidding of his acquiring title thereto as such purchaser at said delinquent tax sale and by virtue of said tax deed."

To this petition Broquet filed a demurrer, setting up, first, that the petition did not state facts sufficient to constitute a cause of action; and second, that several causes of action are improperly joined. At the April term, 1887, this demurrer was overruled by the court, and judgment was rendered for the plaintiff, defendant in error, foreclosing the mortgage and setting aside and canceling the tax deed held by Broquet, plaintiff in error. *Broquet* brings the case here.

*John R. Hamilton,* for plaintiff in error.

*C. D. Jones,* for defendant in error.

Opinion by CLOGSTON, C.: The single question now presented is, could the plaintiff in error obtain a valid tax title upon land in which his wife had an interest, as one of the surviving heirs of James Blue, her father? It is to be remembered that this action was to foreclose a mortgage that was executed in the lifetime of James Blue. After his death the plaintiff in error obtained a tax title upon the property mortgaged, in which his wife was an heir, and the plaintiff in error now insists that the question of the validity of this tax title could not be litigated in this action. This question has been decided in this court, and against the plaintiff in error, in *Bradley v. Parkhurst,* 20 Kas. 462, where it is held that all outstanding tax liens might be brought in and determined in an action to foreclose a mortgage.

The remaining questions are, was the tax title void because issued to the plaintiff in error, and had he, by reason of being the husband of an heir at law of James Blue, such an interest in the property as to render the tax title void? The record is silent on the question of possession or claim of homestead interest by plaintiff in error, and in the absence of any claim

4—43 KAS.

of that kind, we must presume that no possession vested in him; and if no possession vested in Ernest Broquet, then can can it be said that he was under any legal obligation to pay the taxes upon the premises? It has been universally held that where a husband and wife had an interest in common with other heirs, that neither could obtain a tax title upon the property. This is based upon the assumption that, being in the possession and enjoyment of the premises, an obligation rested upon them to pay the taxes. (*Burns v. Bryne*, 45 Iowa, 285; *Austin v. Barrett*, 44 id. 488; *Busch v. Huston*, 75 Ill. 343.) But where these facts do not exist, we think they are freed from this obligation, and the husband might procure a valid tax title upon the property, although his wife may have an interest in the property.

It is recommended that the judgment of the court below be reversed, and the cause remanded with directions to sustain the demurrer of the defendant to the plaintiff's petition.

By the Court: It is so ordered.

All the Justices concurring.