JOHN VAN WERT

*v.*

BENJAMIN BOYES.

*Filed at Ottawa January 18, 1892.*

1. EASEMENT — *will not be extended beyond the terms of the deed.* Where an easement is given, by deed, to parties in a private alley between their lots, and the court, on bill, finds that a privy erected by the defendant in the alley is not an obstruction to the reasonable use of the alley, this will be understood as referring, not to the use which the complainant happened to be making of the alley as a matter of fact, but to the use which, under his grant, he was entitled to make.

2. SAME — *change in dominant estate does not affect easement.* In such case, a change in the use or necessities of the dominant estate can not have the effect of enlarging the nature or scope of the easement. That will remain precisely as before, its nature and scope having been fixed by the grant creating it. The erection of a wood and coal shed near the alley will not give the complainant any rights in the alley which he did not have before.

3. CHANCERY — *decree limited to case stated in the bill.* Where a bill seeks to enjoin the defendant from the use of a privy in a private

passage-way belonging to both parties, and to have the same removed, on the ground that it interferes with the proper use of the alley, and makes no complaint as to the manner in which the privy is kept, the complainant will be confined to the grounds of complaint as stated in the bill, and can not recover by showing that the privy was not kept in a clean and wholesome condition.

4. SAME — *supplemental bill — waiver of objections to right to file.* Where the defendant makes no proper objection to the filing of a supplemental bill, but answers and contests the equities thereby set up, on the merits, he will waive his right, on appeal or error, to object that the case is not a proper one for a supplemental bill, and insist that the dismissal of the bill should be affirmed, because a supplemental bill was not proper when the dismissal was on the merits, and was not based on the question of pleading. In such case it matters not what the bill is called, and this court will pass upon the merits of the case presented.

5. SAME—*decree conclusive.* Where the court, on original bill, determines the complainant's right to an easement in a private passage-way, and the nature and extent of such easement, and holds that a privy of the defendant in a corner of the way is not an invasion of the complainant's rights, the decree will be conclusive upon the complainant, and he can not, by the erection of a coal-shed near such privy, relitigate the right of the defendant to maintain such privy.

6. APPEAL—*what matters involved.* On an original bill to enjoin the obstruction of a private alley for the joint use of both parties, the court found that defendant's privy, in a corner of the alley, was not an obstruction to the use of it. Complainant afterward, by a supplemental bill, stated that when that decree was rendered the privy was not an obstruction as it was then used, but set up subsequent improvements as to which the privy was an obstruction : *Held,* on writ of error bringing up the entire case, that the complainant was estopped from insisting that the finding in the original decree was erroneous.

7. Where a supplemental bill is filed after final decree on the original bill is dismissed on the merits, and the cause is taken to the Appellate Court by writ of error within five years after the decree on the original bill, both decrees will be properly before the Appellate Court for review. If brought up by appeal after the time for appealing from the original decree, it might be true that only the latter decree would be involved.

8. REVERSAL AND REMANDMENT—*remanding order construed.* A bill merely called in question the complainant's right to have the defendant's privy removed from a passage-way, but made no case warranting the court in imposing on the defendant any order as to where the privy should or should not be located in the future, or whether it should be located anywhere, provided it was not again placed within the limits

of the said private alley. The prayer, however, asked for a decree directing the location of such privy to some point on the defendant's premises. On the hearing, the court dismissed the bill, and on writ of error the Appellate Court reversed this decree and remanded the cause, with direction to grant the prayer of the bill : *Held,* that the mandate of the Appellate Court might properly be construed as a direction to the circuit court to enter a decree in all respects as broad as that prayed for, which was much broader than was warranted by the allegations of the bill.

APPEAL from the Appellate Court for the First District ;— heard in that court on appeal from the Circuit Court of Kane county ; the Hon. ISAAC G. WILSON, Judge, presiding.

Messrs. BOTSFORD & WAYNE, for the appellant :

A party can not obtain relief except on the allegations of his bill. He can not make one case by his bill and another by his proof, and obtain a decree contrary to his claim in the bill. *McKay* v. *Bissett,* 5 Gilm. 499 ; *Morris* v. *Tillson,* 81 Ill. 607 ; *Jackson* v. *Miner,* 101 id. 550.

Relief not sought for by the bill should be denied. *Ward* v. *Enders,* 29 Ill. 519 ; *Hall* v. *Towne,* 45 id. 493 ; *DeLuro* v. *Neely,* 71 id. 473.

The original decree, not having been appealed from, is conclusive on the parties. All the matters in issue were by that decree *res judicata.*

The so-called supplemental bill was properly dismissed. We know of no practice authorizing a supplemental bill to be filed, when a final decree is made, for matters happening subsequent to the decree. A supplemental bill in aid of a decree is merely to carry out and give fuller effect to that decree, and not to obtain relief of a different kind, on a different principle. Story's Eq. Pl. secs. 338, 422 ; Adams' Eq. 415.

Mr. W. J. BROWNE, and Mr. CHARLES WHEATON, for the appellee :

A supplemental bill is proper when new matter has arisen since the filing of the original bill. *Burke* v. *Smith,* 15 Ill. 158.

If the new matter be really supplemental,—*i. e.*, if, leaving the original equity untouched, it varies the form in which relief must be given, or creates a necessity for additional relief,— the defect must be remedied by a supplemental bill. Adams" Eq. 719 ; 2 Barb. Ch. Pr. 59, 159-167 ; *Stafford* v. *Howlett*, 1 Paige's Ch. 200 ; *Bank* v. *Canal Co.* 4 id. 127 ; Story's Eq. Pl. sec. 332.

If an original bill is sufficient to entitle complainant to one kind of relief, and facts subsequently occur which entitle him to other more extensive relief, he may have such relief by setting up such new matter in the form of a supplemental bill. *Candler* v. *Pettit*, 1 Paige's Ch. 168.

A bill in the nature of a supplemental bill may also be required, not only when new interests arise, either before or after decree, but also where relief of a different kind, or upon a different principle, is required from that in the original decree. Story's Eq. Pl. sec. 351, and authorities cited in notes.

A supplemental bill is applicable only to cases where the same parties or the same interests remain before the court. But when relief of a different kind, or upon a different principle, from that in the original decree is sought, an original bill in the nature of a supplemental bill may be filed. Story's Eq. Pl. secs. 345-352 ; *McDonald* v. *Asay*, 139 Ill. 123.

A court of equity has full jurisdiction to dispose of it as decreed. Washburn on Easements and Servitudes, (1st ed.) 575-583.

The privy has no business in the passage-way as it is now, where it is a nuisance and an obstruction and a source of injury to appellee. It is a nuisance because it obstructs the enjoyment to the plaintiff of his easement in the alley, for whatever obstructs the enjoyment of an easement is, in equity, a nuisance, and can be enjoined and abated as such. Washburn on Easements and Servitudes, (1st ed.) 57-581 ; *Turnpike Co.* v. *Miller*, 5 Johns. Ch. 101 ; *Turnpike Co.* v. *Ryder*, 1 id. 611.

Mr. Justice Bailey delivered the opinion of the Court:

On the 11th day of April, 1881, Benjamin Boyes filed his bill of complaint in the Circuit Court of Kane county, against John Van Wert, to restrain him from placing obstructions upon, or excluding the complainant from, a private alley or passage-way between the premises of the complainant and defendant, or from interfering with the complainant in the reasonable use of said passage-way. Said bill alleged, in substance, that on the 4th day of January, 1864, Benjamin Wilson and wife conveyed to the complainant lot 5, in block 52, in the town of Geneva, excepting 38 by 70 feet in the north-east corner of said lot, and also reserving a passage-way 14 feet in width across said lot from east to west and 70 feet from the north end of said lot, said passage-way to be kept free from obstructions, and to be for the joint use of the persons owning the several portions of said lot; that on April 2, 1874, said Wilson and wife conveyed to the defendant said 38 by 70 feet in the north-east corner of said lot, with the right to use said passage-way; that the complainant, immediately after said conveyance to him, erected a large two-story stone building 70 feet in length and extending back from the north line of said lot to said alley; that up to the time of said conveyance to the defendant, the complainant and Wilson occupied and used said passage-way jointly, and after said conveyance and up to a short time before the filing of said bill, said passage-way was used jointly by the complainant and defendant.

The bill then alleges various acts on the part of the defendant, committed shortly before the filing of the bill, by way of closing up and obstructing said passage-way and placing heaps of stone, lumber and other materials thereon, and interfering with the reasonable use of said passage-way by the complainant and excluding him therefrom. Among various other things, it alleges the building and maintenance by the defend-

ant of a privy in the south-east corner of said passage-way, the right of the complainant to a decree requiring the removal of said privy from said passage-way being the only question presented by the present appeal.

The allegations of the bill in relation to said privy are, that the defendant, "to the great annoyance and inconvenience of your orator, constructed a privy upon said passage-way;" and, "that in violation of the terms of his deed from said Wilson, defendant, without permission of your orator, has built or caused to be built a privy in or upon said passage-way, which interferes with the proper use of the same."

The prayer of said bill was, for a decree that, under the deed from Wilson, "your orator has and is entitled to a free and uninterrupted right of way across the said passage-way of 14 feet wide, without hindrance or obstruction by said defendant, and that your orator has an easement in said passage-way over said 14 feet in width, in common with said defendant perpetually, and that the said defendant may be perpetually enjoined from obstructing the same or in any manner interfering with the free enjoyment of the same by your orator."

The answer denied the various obstructions to said passage-way and the various interferences with the complainant's use and enjoyment of it charged in the bill, and as to said privy, it admits that he had a privy standing in the south-east corner of said passage-way, it having been standing there seven years when the bill was filed, and the answer alleged that, when constructed, it was placed at that point by and with the consent and agreement of the complainant, and had remained there ever since under that arrangement; that the complainant had no reason to complain of said privy, as he had erected one of his own close up to and on the south side of it.

The case as thus presented was heard on pleadings and proofs at the April term, 1885, of said court, and the evidence adduced at said hearing tended to show, among other things, that said lot 5 is situated in the north-west corner of said

block 52, and consequently has a street on the north and west; that the alley or passage-way in question opens at its westerly extremity on a public street, but as it extends only part way across the block, it is closed at the easterly end; that some six or seven years prior to the commencement of the suit, the defendant erected a privy, of the dimensions of five feet in length and a little less than five feet in width, close to the south line of said alley and about two feet from the east end of the alley, the location thus selected being at the farthest practicable point from the buildings of both the complainant and defendant; that the entire portion of said lot north of the alley belonging to the complainant is covered by his two-story stone building; that the complainant has another building on the south side of the alley fronting on the street which bounds the lot on the west, but which does not extend back to the easterly end of the alley by a considerable distance; that the defendant's premises, which are on the north side of the alley and opposite where the privy is located, are occupied by two buildings, of which the easterly building extends back to the line of the alley, the westerly building extending back to within about twenty feet of the alley, the only vacant ground on the defendant's premises being the small space in the rear of the defendant's westerly building. The evidence on both sides showed that said privy was placed at the point where the defendant built it with the complainant's consent. The defendant testifies to such consent, and the complainant, when examined as a witness, being asked what arrangement was made between him and the defendant in relation to the location of the privy, answered: "When he came there he said he had no place to put it, and wanted to know if I had any objection to his putting it in the passage-way. I told him he might, but that it must be kept clean. He said that he would keep it clean if I would allow him to put it there." The evidence also showed that the complainant, after having had his privy located at various points in the rear of

his building on the south side of the alley, finally located it a year or two before the suit was commenced, south of and immediately adjoining that of the defendant.

As a result of said hearing, a final decree was rendered July 18, 1885, finding and decreeing that the complainant, jointly with the defendant, had a right to a reasonable use of said passage-way, as a passage-way, and also finding in favor of the complainant as to several of the grievances complained of, and perpetually enjoining the defendant from interfering with the reasonable use and enjoyment of said private alley as a passage-way, and from excluding him from such use. Said decree, however, found and decreed that said privy situated at the point above designated, was not an obstruction to the reasonable use of said passage-way by the complainant.

On the 23d day of March, 1886, the complainant filed what he calls a supplemental bill, setting up the substance of the pleadings, proceedings and decree in the original suit, including that portion of the decree relating to said privy, and then alleged "that when said decree was rendered, the said privy was at the east end of said passage-way, and was not then an obstruction to your orator's use of said passage-way, as it was then used by your orator and the said defendant." It then alleges, in substance, that since said decree was rendered, the complainant, at considerable expense, had built a wooden building on the south side of said passage-way and towards the east end thereof, and adjoining the complainant's privy, as a place for storing wood and coal, and that, in order to a convenient use of the same, it is necessary that a free and unobstructed access along said passage-way should be permitted and obtained, to and from said building; that the defendant's privy *now* obstructs access along said passage-way to and from said building with teams to deliver wood and coal, and prevents the complainant's convenient use and enjoyment of said passage-way.

Said bill prays that said privy be decreed to be *now* an obstruction to said passage-way and an infringement of the complainant's rights therein, and a nuisance, and that the defendant be decreed to remove it out of said passage-way on to his own land at some point where it will not injure or incommode the complainant or be a nuisance to him, and that he be perpetually enjoined from maintaining said privy where it now stands, or anywhere in said passage-way, and from moving the same or building another near the complainant's building, or in any place where it will be a damage or inconvenience to him.

The defendant, without raising any question as to the propriety of said bill as a supplemental bill, or as to whether said bill was properly filed in the case, answered, denying the equities of the bill, and urging the former decree as conclusive of the rights of said parties in the subject-matter of the bill, and asking the same benefit and advantage as though he had demurred thereto for that reason and for want of equity.

A hearing, as to said supplemental bill was afterwards had on pleadings and proofs, and at said hearing a decree was rendered dismissing the bill at the complainant's costs. The complainant thereupon took the record to the Appellate Court by writ of error, and that court reversed said decree, and remanded the cause to the Circuit Court with directions to grant the prayer of the supplemental bill. From said judgment of reversal the defendant now appeals to this court.

It is apparent that, even if the conclusions reached by the Appellate Court as to the equities of the case should be found to be correct, the directions to the Circuit Court in the remanding order are too broad. The case made by the supplemental bill merely calls in question the complainant's right to have the defendant's privy removed from said passage-way, but there is no case made or attempted to be made by said bill warranting the court in imposing upon the defendant any order as to where said privy shall or shall not be located in

7—140 ILL.

the future, or whether it shall be located anywhere, provided it is not again placed within the limits of said private alley. The prayer of the bill, however, asks for a decree directing the location of said privy at some particular point on the defendant's premises, and the remanding order, which directs a decree in accordance with said prayer, may properly be construed as a mandate to the Circuit Court to enter a decree in all respects as broad as that prayed for by the bill, which would manifestly be much broader than would be warranted by the allegations of the bill.

The point is made by counsel for the defendant and urged with much persistency, that the case was not a proper one for a supplemental bill, and that the decision of the Circuit Court dismissing it at the complainant's costs may be justified on that ground. On this point it is sufficient to say, that this question was not raised in the Circuit Court, and as a consequence it must be deemed to have been waived. The defendant, instead of objecting, in some proper mode, that the bill was improperly filed, answered, and contested the equities which it set up on the merits, and went to a hearing on pleadings and proofs without objection, and it seems clear therefore, first, that the decree can in no respect have been based upon the point of equity pleading and practice now suggested, and, secondly, that the defendant can not insist for the first time on appeal that the case is not one for a supplemental bill. It is of no importance now what the bill is called, whether a supplemental bill, or an original bill in the nature of a supplemental bill, or an original bill. The only question is whether, admitting its propriety, the decree is sustained by the pleadings and proofs.

It is also contended that, as the decree rendered upon the hearing of the original bill was a final decree and was not appealed from, the only decree now subject to review is the one rendered upon the hearing of the supplemental bill. This might have been true if the case had gone to the Appellate

Court by appeal, since at the time the decree on the supplemental bill was rendered, the time allowed by law for appealing from the original decree had long since expired. The case, however was taken to the Appellate Court by writ of error, and that writ brought up for review the entire record, and at the time it was issued, the five years during which a judgment or decree may be taken to the Appellate Court by that writ had not expired. There can be no doubt then that both decrees were before the Appellate Court for review, and of the three errors assigned upon the record, the first one at least, viz, that "the court erred in decreeing that the defendant's privy was not an obstruction to the passage-way mentioned in the original bill," may be regarded as having been assigned to the original decree.

Regarding both of said decrees then as properly before the Appellate Court for review, the question is, whether any of the errors assigned in that court should have been sustained. It may be observed that while there was some evidence on both hearings tending to show that the defendant's privy was not kept in a cleanly and wholesome condition, that fact was neither alleged nor in any way made a ground for relief in either bill. The allegations of the original bill were that the defendant, to the great annoyance and inconvenience of the complainant, *constructed* said privy, and, that he *built* said privy in said passage-way, which interferes with the proper use of the same. Nothing whatever is said as to the mode in which said structure was used, maintained and cared for, and no relief is asked for on the ground of any negligence or failure of duty in that respect. The gist of the complaint is simply and solely, that the *construction* of said privy and its *existence* in the passage-way was an obstruction to the complainant's right to use said passage-way for the purpose of passing to and fro upon it. This evidently was the interpretation of the bill adopted by the chancellor who rendered the decree, since he found directly upon that issue, but made no allusion to

the condition in which the privy was kept. The issue found was plainly the only one, so far as the privy was concerned, submitted by the bill, and as the residue of the decree was all in favor of the complainant, this finding is the only thing in that decree of which he has a right to complain.

We have carefully examined the evidence submitted upon the original hearing, and are unable to say that said finding was not fully sustained, especially in view of the admitted fact that said privy was placed upon said alley with the complainant's consent and by his agreement. But it seems scarcely necessary to analyze the evidence for the purpose of sustaining said finding, since its propriety seems to be practically admitted by the complainant in his supplemental bill. He there alleges, as we have already seen, "that when said decree, (meaning the original decree), was rendered, the said privy was at the east end of said passage-way, and was not an obstruction to your orator's use of said passage-way, as it was then used by your orator and the said defendant." Having made this solemn admission in his pleading, he can not be heard to insist now that said finding was erroneous.

There being no error in the original decree, that decree must, for all the purposes of determining the propriety of the decree upon the supplemental bill, be treated as a final and conclusive adjudication between the parties. This is especially true in view of the fact that said decree is in no way sought to be impeached by the supplemental bill, that bill admitting and assuming the validity of the decree at the time it was pronounced, and upon the basis of the facts then existing, but seeking to obtain a modification of it by reason of new equities which have since arisen.

Assuming then the validity of said decree at the time it was pronounced, to what extent are the parties conclusively bound by it? The questions litigated under the original bill were as to the complainant's right to an easement in said private alley, and the nature and extent of said easement. Various obstacles

and impediments have been thrown by the defendant in the way of its enjoyment, and the issues presented were whether such obstacles and impediments constituted an invasion of the complainant's incorporeal rights. The decision of those issues depended upon the terms of the grant from Wilson and wife, and not upon the manner or extent of the use to which the complainant was subjecting his easement for the time being. If he had not been actually using it at all, it can not be doubted that he would have been entitled to relief as against any person who, with notice of his rights, had attempted to close up the alley, or otherwise make it impossible for him to use it as a passage-way if he had occasion to do so. The scope of the decree then is not limited to the mere matter of those necessities which were created by the use which the complainant was making of his easement at and before the time of the hearing on the original bill, but it was a judicial determination of his rights as they existed under the grant by which the easement was created. The determination was, that the privy in question was not an obstruction to the reasonable use of the passage-way by the complainant. This must be understood as referring, not to the use the complainant happened to be making of the alley as a matter of fact, but to the use which, under the grant from Wilson and wife, he was entitled to make.

Any other conclusion would involve the absurd consequence of placing it in the power of one of the parties litigant in a case like this, to set aside and nullify a decree solemnly pronounced, by so changing the occupancy and use of his dominant estate, as to make it desirable to make use of his easement to a greater extent or in a different way. Such a result can not be tolerated. A change in the use or necessities of the dominant estate can not have the effect of enlarging the nature or scope of the easement. That would remain precisely the same as before, its nature and scope having been fixed by the grant creating it. The erection by the complainant of his

wood and coal shed gave him no rights in the alley which he did not have before, and which were not in existence at the time he submitted his rights to adjudication when the original bill was heard.

₀We are of the opinion that the original decree was conclusive of the matters sought to be litigated under the supplemental bill, and that the Circuit Court properly dismissed the supplemental bill at the complainant's costs. The judgment of the Appellate Court will therefore be reversed and the decree of the Circuit Court will be affirmed.

*Judgment reversed.*