FREDERICK W. WARNER *as the Administrator of the estate of Jane G. Willard, deceased,* v. ERNEST BROQUET *et al.*

1. CASE, *Overruled.* The case of *Broquet v. Warner,* 43 ·Kas. 48, overruled.

2. ——— *Invalid Tax Title.* The husband cannot obtain a valid tax title to his wife's real estate by the purchase thereof at a tax sale.

*Error from Norton District Court.*

ACTION by *Frederick W. Warner,* as administrator, against *Ernest Broquet* and others, upon a promissory note, and to foreclose a mortgage securing the same. 'From a judgment for defendants, plaintiff brings error. The material facts appear in *Broquet v. Warner,* 43 Kas. 48.

*C. D. Jones,* and *Louis K. Pratt,* for plaintiff in error:

This case was before this court on a demurrer to plaintiff's petition, and the judgment of the lower court was reversed. *Broquet v. Warner,* 43 Kas. 48.

We challenge the correctness of that decision and ask for a reëxamination of the questions involved therein. See Blackw. Tax Tit., § 143; *Laton v. Balcom,* 64 N. H. 92; same case, 22 Rep. 733; Cooley, Tax'n, p. 500, *et seq.; Burns v. Byrne,* 45 Iowa, 285.

We think the decision of the trial court was clearly wrong, and that the motion for a new trial ought to have been sustained. ·

*John R. Hamilton,* for defendants in error;

There was no motion for a new trial made in this case. There was what was called in the caption a motion for a new trial, but it does not ask for one. It only asks "the court to set aside the findings of fact herein and the decision of the court based thereon, for the reason," etc. See *Decker v. House,* 30 Kas. 614. Nowhere in the record is this motion called a motion for a new trial; neither is there anything to show

that it was by the court or the attorneys treated as such. It is not designated as such in the journal entry.

The burden was upon the plaintiff to overthrow the tax deed. The court below found against the plaintiff on every proposition, and we do not think the record discloses that the court erred.

The opinion of the court was delivered by

HORTON, C. J.: This is the second time that this case has been in this court. (43 Kas. 48.) When the case was here before it was heard by the commission, and the opinion was prepared by CLOGSTON, C. It was decided therein that the husband could obtain a tax title upon land in which his wife had an interest. It was intimated in the opinion that if the husband and wife were in possession of the premises, neither could obtain a tax title upon the property. There is sufficient evidence contained in the record showing that Ernest Broquet had actual possession of the land at the date of the tax sale at which he purchased the same, and also at the date that the tax deed was issued to him. Therefore, upon the intimation of the foregoing opinion, as the wife had an interest in common in the land with other heirs, and as her husband had the actual possession thereof, his alleged tax title is of no actual validity. The relation of the husband and the wife to the property was such that neither could obtain a valid tax title thereon.

But we are not willing to rest this decision upon the actual possession of the land by the husband or wife, or by both. There is nothing in our statutes recognizing the legal existence of the wife and her equal property rights which abrogates the marital rights of trust and confidence incident to the relation of husband and wife. The existence and continuance of these relations are fully recognized in the statutes. (Civil Code, § 323, subdiv. 3; *Fisher v. Conway*, 21 Kas. 18; *Chandler v. Dye*, 37 id. 765–767.) Both husband and wife have an interest, either direct or indirect, in each other's real estate. These interests and the mutual confidence which ought to ex-

ist between husband and wife forbid either from obtaining a tax title upon the real estate of the other. (*Laton v. Balcom*, 64 N. H. 92; same case, 22 Rep. 733; *Burns v. Byrne*, 45 Iowa, 285.)

The case of *Broquet v. Warner*, 43 Kas. 48, will be overruled. The motion for a new trial ought to have been sustained. The judgment will be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

All the Justices concurring.