CLAUDE S. PECK *et al.* V. OSCAR O. AYRES.

No. 15,790.   (100 Pac. 283.)

SYLLABUS BY THE COURT.

1. JUDGMENTS—*Res Judicata—Minors.* In a suit to quiet the title to lands a prior judgment quieting the title thereto constitutes no estoppel and is not evidence against a party whose claim of title antedates the commencement of the prior suit, who was then a minor, had no notice of the pendency of the suit, was not a party thereto, and was not represented by guardian or otherwise therein.

2. TAX-DEEDS—*Grantee Obligated to Pay Taxes—Redemption.* A husband and wife resided and made their home upon a tract of land in which the wife owned a life-estate, and the husband enjoyed the rents and profits thereof. *Held,* that by omitting to pay the taxes on the land and allowing it to be sold and conveyed for the taxes, and thereafter purchasing a deed thereto from the tax-title holder, the husband acquired no interest in the land. The transaction resulted only in a redemption of the land from the tax sale.

3. LIMITATION OF ACTIONS—*Adverse Possession—Life-tenant—Remainder-man.* As against the devisees of an estate in remainder the possession of the estate by the life-tenant or by persons to whom the life-estate has been conveyed does not start any statute of limitation or prescription to running during the lifetime of the devisee of the life-estate.

4. QUITCLAIM DEED—*Purchaser in Good Faith.* A person who holds real estate by virtue of a quitclaim deed only from his immediate grantor, whether he be a purchaser or not, is not a purchaser in good faith with respect to outstanding and adverse interests shown by the records in his chain of title, and he is bound to take notice of all superior titles to the land shown by the records or which might have been discovered by proper inquiry. (*Johnson v. Williams,* 37 Kan. 179, 14 Pac. 537, 1 Am. St. Rep. 243; *Goddard v. Donaha,* 42 Kan. 754, 22 Pac. 708.)

5. ——— *Same.* As against the holders of adverse interests who are strangers to his deed it can not avail a person who has accepted a conveyance of land by a quitclaim deed to assert that at the time of his purchase he supposed he was getting a deed of general warranty to the land.

Error from Johnson district court; WINFIELD H. SHELDON, judge. Opinion filed February 6, 1909. Reversed.

### STATEMENT.

THIS suit was commenced by Oscar O. Ayres in the district court of Johnson county against John G. Brooks, his unknown heirs, etc., F. C. Schroder, his unknown heirs, etc., and the unknown heirs of Thomas J. Lockridge, their devisees, administrators, executors, and trustees. The petition alleges that Ayres is the owner in fee simple and in possession of the southeast quarter of section 3, township 14, range 24, in Johnson county, Kansas. After alleging that the defendants have or claim to have some right or interest in the land, the petition avers that all such claims are void and of no effect, and prays that the title of the plaintiff to such land be quieted.

After service by publication the court rendered judgment in the suit in accordance with the prayer of the petition. Thereafter, on compliance with the provisions of section 17 of the civil code, the judgment was reopened as to the plaintiffs in error and they were permitted to and did file in the court their answer as defendants in the cause.

Their answer is, in substance, that Thomas J. Lockridge, through whom Ayres also claims to derive title to the land, died testate, and was at the time of his death the owner and in the quiet and peaceful possession of the land; that by the terms of the will of Lockridge, which had been admitted to probate several years before, a life-estate in the land had been devised to one Alice R. Soyster, now Alice R. Peck, and the remainder to the heirs of her body in fee simple; that the answering defendants are the only children of Alice R. Peck, and, as such, are the devisees under such will and are the owners of the land in question, subject to the life-estate of their mother, who is still living; and

that the land is not subject to the payment of any debts or other liens, devises or bequests of Thomas J. Lockridge. They ask for a decree adjudging to them the absolute title to the land, subject only to the right of the plaintiff to the possession of the land during the lifetime of their mother.

Ayres, in reply, denies generally the allegations of the answer, and pleads the one, two, three, five and fifteen years statutes of limitation; also, that the defendants are estopped by the record and the judgment of the trial court from setting up or claiming any right, title or interest in the land.

Both parties to the controversy claim title through a common source, Thomas J. Lockridge, who, it appears, left surviving him a son, Charles R. Lockridge, and a daughter, whose married name is Nannie J. Bell, who by the terms of the will would become the devisees of the fee to the land upon the death of Alice R. Peck in case no heirs of her body survived her.

Ayres's chain of title is: (1) A court decree adjudging Alice R. Peck the owner of the land as against Charles R. Lockridge and Nannie J. Bell, sole heirs of Thomas J. Lockridge; (2) quitclaim deed from Charles R. Lockridge and wife and Nannie J. Bell and husband to Alice R. Peck; (3) tax deed from Johnson county to E. E. Peck; (4) quitclaim deed from E. E. Peck and wife to John W. Peck; (5) warranty deed from Alice R. Peck and John W. Peck, her husband, to Henry Cochran; (6) warranty deed from Henry Cochran and wife to John J. Mann; (7) warranty deed from John J. Mann to M. D. Ogg; (8) sheriff's deed from Henry Cochran and others to M. D. Ogg; (9) special warranty deed from M. D. Ogg and F. R. Ogg, her husband, to Oscar O. Ayres, the plaintiff.

The court rendered judgment in favor of Ayres, debarring the answering defendants from all right, title and interest therein, and they bring this proceeding in error.

*John T. Little, James P. Hindman, H. F. Simrall,* and *C. B. Little,* for plaintiffs in error.

*I. O. Pickering,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: The common source of title of the plaintiff and the defendants is Thomas J. Lockridge. The next link, or links, in the chain of title of the plaintiff is a judgment of the district court of Johnson county in the case of Alice R. Peck (*née* Soyster) against Charles R. Lockridge and Nannie J. Bell (*née* Lockridge), who were the surviving children of Thomas J. Lockridge, and a quitclaim deed from Charles R. Lockridge and Nannie J. Bell to Alice R. Peck, and a quitclaim deed, based on a tax deed, from E. E. Peck to John W. Peck, the husband of Alice R. Peck. This judgment and these deeds conveyed all the title that vested in Alice R. Peck and her husband, John W. Peck, at the time they executed the warranty deed to Henry Cochran. While possibly these instruments were in the first instance admissible as evidence in the chain of title of the plaintiff, none of them constituted any evidence against the title of the defendants. The defendants were not parties to the suit in which the judgment quieting the title in Alice R. Peck was rendered, and had no notice or knowledge thereof; they were minors, and were not represented by guardian or otherwise. John W. Peck, with his wife, was in possession of the land. He was receiving the rents and profits thereof, and was under obligations to pay the taxes for the non-payment of which the tax deed to E. E. Peck was issued. The purchase of the deed by John W. Peck amounted only to a redemption of the land from the tax sale. (*Carithers v. Weaver,* 7 Kan. 110; *Delashmutt v. Parrent,* 39 Kan. 548, 556, 18 Pac. 712; *Broquet v. Warner,* 43 Kan. 48, 22 Pac. 1004, 19 Am. St. Rep. 124; *Warner v. Broquet,* 54 Kan. 649, 650, 39 Pac. 228.) The deed from Mrs. Ogg and husband to the plaintiff was essen-

tially a quitclaim deed. (Gen. Stat. 1901, §§ 1203, 1204.) And although the court found as a fact that the plaintiff was a purchaser of the land in good faith, the question is not one of fact but of law. The decision in *Johnson v. Williams,* 37 Kan. 179, 14 Pac. 537, 1 Am. St. Rep. 243, is decisive of this question, and has been cited with approval many times by this court. In the opinion in that case it was said:

"A person who holds real estate by virtue of a quitclaim deed only from his immediate grantor, whether he is a purchaser or not, is not a *bona fide* purchaser with respect to outstanding and adverse equities and interests shown by the records, or which are discoverable by the exercise of reasonable diligence in making proper examinations and inquiries." (Syllabus.)

It was also said in *Goddard v. Donaha,* 42 Kan. 754, 22 Pac. 708:

"A person claiming to own land under a quitclaim deed executed to him is bound to take notice of all superior titles to the land which might have been discovered by proper inquiry." (Syllabus.)

The judgment in the case of Alice R. Peck against Charles R. Lockridge and Nannie J. Bell, as well as the quitclaim deed of Charles R. Lockridge and Nannie J. Bell to Alice R. Peck, through which the plaintiff claims title, would both have informed him of the existence of the will of Thomas J. Lockridge, through which the defendants claim title. In this suit the plaintiff can not be heard to say that he did not know the facts which the record upon which his title is based discloses. Nor can he be heard to say, as against these defendants, that he thought his deed from Mrs. Ogg and husband was a warranty deed and that he did not know that his deed was in fact a quitclaim deed.

The court also found as a conclusion of law that the defendants ought not at this time to be permitted to set up and claim, as against the plaintiff, any right, title or interest in or to the quarter-section of land. The plaintiff in his reply pleaded the judgment above

referred to as an estoppel against the defendants. A judgment against minors in a suit of which they had no notice, to which they were not parties and in which they were not represented by guardian or otherwise can not constitute an estoppel against them. Nor is it any evidence against their claim of title, nor is the stipulation as to the facts in that case competent evidence of any facts in this case.

Under the rule in Shelley's case Alice R. Peck would, under the will of Thomas J. Lockridge, have taken the entire estate upon the birth to her of an heir. But that rule has been abrogated in Kansas by section 7990 of the General Statutes of 1901, and under our law the remainder in fee vested in the children upon their birth. (*Williams v. McKinney*, 34 Kan. 514, 9 Pac. 265.)

The plaintiff, through successive conveyances, acquired the life-estate of Alice R. Peck in the land which she derived by the will of Thomas J. Lockridge. She is still living, and the plaintiff has the right to possession of the land as against the defendants until her death. Neither the pleadings nor evidence disclose facts which would give the defendants any cause of action against the plaintiff by reason of his possession of the land. If they had no cause of action against him no statute of limitation, or prescription even, began to run in his favor against them.

The judgment of the court is reversed, and the case is remanded for a new trial.