COLLECTION CORPORATION, LIMITED, *v.*
H. ANAMI AND JUE ANAMI.

No. 2290.

ARGUED APRIL 1, 1937.    DECIDED MAY 12, 1937.

COKE, C. J., BANKS, J., AND CIRCUIT JUDGE METZGER
IN PLACE OF PETERS, J., ABSENT.

OPINION OF THE COURT BY BANKS, J.

This is a suit in equity in the nature of a creditor's bill, the purpose of which is to subject certain property held in the name of the respondent, Jue Anami, the wife of the corespondent, Hango Anami, to the payment of a judgment obtained against Hango Anami. The original petition was filed on June 26, 1934. It is alleged in this petition that for the purpose of obtaining satisfaction of the judgment the petitioner had an execution issued against the respondent, Hango Anami, on the 19th day of June, 1934, and that the execution was returned *nulla bona.*

On September 18, 1934, the respondents filed a plea challenging the jurisdiction of the court on the alleged ground that the allegation regarding the issuance and return of execution was not factually true. The plea was supported by the certificate of the clerk of the court in which the case was pending.

The petitioner, no doubt realizing that the plea was good (although it does not appear from the record what disposition was made of it) and that he had no provable cause of action under his bill of complaint, filed a supplemental petition. In this petition all of the allegations contained in the original petition were reasserted and in addition thereto the following allegations were made: "That on the 1st day of August, 1933 in an action entitled 'In The Circuit Court of The First Judicial Circuit, Territory of Hawaii, Collection Corporation, Limited, an Hawaiian corporation, Plaintiff, vs. H. Anami, Defendant' a judgment was rendered in favor of the petitioner herein and against the respondent H. Anami in the sum of One Thousand Twenty-two Dollars and Fifty Cents ($1022.50); a copy of said judgment is attached hereto marked Exhibit 'A' and incorporated herein by reference as if fully set forth herein. II. That on the 19th day of September, 1934, the petitioner for the purpose of obtaining satisfaction of the said judgment sued and prosecuted out of the above entitled Court a Writ of Execution directed to the proper officers of the Territory of Hawaii by which said Writ said officers were commanded to levy on the personal and real property of respondent H. Anami for the purpose of satisfying the judgment aforesaid. That thereafter the Deputy High Sheriff of the Territory of Hawaii returned on the said Writ that after due search he had been unable to find within the Territory of Hawaii any goods, chattels, lands or tenements of the said H. Anami from which the amount of said judgment could be made and the judgment satis-

fied. Wherefore, petitioner renews its prayer for relief as fully set forth in its petition herein."

The only new matter alleged in the supplemental petition is that which relates to the issuance of an execution and the officer's return of *nulla bona*. In the original petition these occurrences were alleged to have taken place on the 19th day of June, 1934, whereas in the supplemental petition it is alleged that they occurred on the 19th day of September, 1934, which was subsequent to the filing of the original petition.

It does not appear from the record that the respondents made any objection whatever to the filing of the supplemental petition. On the contrary they voluntarily filed an answer in which they denied certain allegations contained in the original petition which by adoption became an integral part of the supplemental petition, admitted others and to still others asserted that they did not have sufficient knowledge or information upon which to form a belief.

Among the allegations of the original petition which were denied was that which referred to the issuance of execution and the return of *nulla bona*. They also denied the allegations contained in the supplemental petition regarding the issuance of execution on the 19th day of September, 1934, and the return of *nulla bona*.

Upon these pleadings the issues were formed and the case proceeded to trial. The two facts which it is claimed by the respondents were necessary to the jurisdiction of the court and which are alleged in the supplemental petition, namely, the entry of a judgment in favor of the petitioner and against the respondent, H. Anami, and the issuance of execution on this judgment and an official return of *nulla bona* on September 19, 1934, were duly proven.

If the respondents had objected to the allowance of the supplemental petition on the ground that it sought to

inject into the petitioner's case a jurisdictional fact that did not exist at the time the original bill was brought but arose subsequent thereto and the objection had been overruled, a different question would be presented. Having, however, consented to what was done in this regard and having permitted the trial of the case to proceed to judgment without timely objection they are in no position to now complain of the allowance of the supplemental petition.

At the conclusion of the petitioner's case respondents moved to dismiss the action, one of the grounds being that there was no execution issued and returned unsatisfied on the judgment secured at the time the original bill was brought. This motion obviously came too late to be of any avail to the respondents.

In *Miller* v. *Akin,* 350 Ill. 186, Miller, one of the complainants, brought a bill in equity to remove a cloud from the title to certain land of which he claimed to be the owner. Miller's possession of the land at the time of the commencement of his suit was a necessary prerequisite to his right to maintain the bill. It appeared that he was not in possession of the land at that time. After filing his original bill Miller obtained possession. He then died and his devisees were substituted as complainants and were given leave without objection by the respondents to file an amended and supplemental bill. It was alleged in this bill that the complainant and his devisees acquired possession of the land on a day subsequent to the filing of the original bill. The trial court granted the relief prayed for and removed all cloud from the complainants' title. This decree was affirmed on appeal. In its opinion the court, speaking of the supplemental bill, said (p. 194) : "The first point made by appellants is, that at the time the original bill was filed by Peter Miller the property was in the possession of Akin, and therefore Miller was not in a position to main-

tain a bill to remove clouds from the title to the property and that appellees might not rely on possession, gained after the original bill was filed, to maintain their supplemental bill. A bill to remove clouds from the title to real estate which does not show other grounds for equitable relief is subject to demurrer if it does not contain an allegation that the complainant is in possession of the property or that the property is unoccupied, (*Hooper* v. *Traver,* 336 Ill. 275,) and where an original bill to remove clouds from the title to real estate is filed at a time when the property is in the possession of someone other than the complainant, the court may properly refuse leave to file a supplemental bill which alleges that possession of the property has been obtained since the filing of the original bill. (*Brownback* v. *Keister,* 220 Ill. 544.) The amended and supplemental bill filed in this case by appellees set up the proceedings and judgment of the county court in the forcible entry and detainer suit and alleged that appellees were in possession of the property. Appellants made no objection to the filing of the amended and supplemental bill. They did not file a demurrer to that bill or otherwise question its sufficiency or propriety but filed an answer thereto and had a hearing of the case made by that bill on the merits without raising any question as to the right of the appellees to maintain their case on a supplemental bill. Since appellants did not raise the question in the court below they are in no position to raise in this court the question whether the case stated in the supplemental bill was one that might properly be presented by such bill. *Van Wert* v. *Boyes,* 140 Ill. 89."

This is a sound and wholesome doctrine and is entirely applicable in the instant case. Litigants should not be permitted to speculate on the result of a trial and in the event it goes against them claim on appeal that some procedural error had been committed which if seasonable objection had been made would not have occurred.

Coming now to the merits of the case the circuit judge after hearing all of the evidence rendered the following oral decision: "The Court: The Court in reaching a conclusion in this case has considered all of the evidence and lack of memoranda on the part of the respondents, and their relation to each other, the mental ability of each, and the type of business which they conducted, and the motives as revealed by their testimony, and other transactions. Hango Anami was a contractor and real estate broker when he married his present wife, Jue, and he was in financial difficulties while she had property accumulated from her earnings, amounting to approximately thirty-four hundred dollars. The respondent claims that this amount was the basis from which many subsequent real estate deals in which they engaged were negotiated. During the years 1927 to 1935, inclusive, a description of the documents, which is part of the file, shows 118 instruments involved in this real estate business. The Court will not go into detail as to these various transactions, but will confine itself to the general picture presented. It is clearly shown that H. Anami negotiated and managed practically all of these dealings, devoting a large percent of his time and his knowledge of the real estate business to it. H. Anami never obtained a license to do business as a real estate agent, nor did his wife, Jue Anami. Neither he nor his wife ever paid any income taxes, Territorial or Federal. H. Anami claims to have lost all the memoranda pertaining to his business transactions about the year 1926, and that since that time he has kept none whatever. During the period covered by this investigation H. Anami was apparently insolvent, as no property was found on which to execute,—on which to levy execution against him. His testimony was that from 1927 to 1935 practically fifty per cent of his business was acting as agent for his wife in handling her real estate matters. It is clear from the evi-

dence that the business, amounting to thousands of dollars in property, did not represent the earnings of the wife alone. The profits, largely representing Anami, were reinvested in real estate. Jue Anami filed no certificate in the office of the Territorial Treasurer proposing to do business on her separate account. The Court is convinced from the evidence that this was a scheme on the part of H. Anami, participated in by his wife, Jue Anami, for the purpose of defrauding his existing creditors; that said scheme has continued to exist since the year 1926 up to the present time, wherefore the prayer of the petition is granted and the real property referred to therein, which is in the name of Jue Anami, will be subjected to the satisfaction of judgment herein, and an appropriate order or orders will be issued to carry out such decision and said judgment."

It would serve no useful purpose to review in detail the evidence as it appears in the transcript, upon which the factual findings of the circuit judge were based. It is sufficient to say that this evidence is ample to support the judge's decision.

The decree appealed from is affirmed.

*J. P. Russell (F. E. Thompson* with him on the briefs) for petitioner.

*C. Y. Shimamura* (also on the briefs) for respondents.