## HANGO ANAMI *v.* JULIA TORRES AND ANTHONY ESPINOSA.

### NO. 2812.

Argued April 2, 1952.          Decided April 29, 1952.

Towse, C. J., Le Baron and Stainback, JJ.

OPINION OF THE COURT BY STAINBACK, J.

The plaintiff herein brought an action in ejectment to recover possession of certain lands situate in Kalihi valley, Honolulu. He claims title to the parcel of land by virtue

of a deed executed to him by one Maile Goo Wan Hoy on August 20, 1936, and by virtue of a deed to him from Kiya Haruki under date of March 5, 1947, reconveying the same land to him after the prior transfer to her by way of mortgage on June 12, 1937.

In 1928 the land in question was owned by Jue Anami, the wife of Hango Anami, plaintiff herein. On August 1, 1933, Collection Corporation, Limited, an Hawaiian corporation, obtained a judgment against Hango Anami in the circuit court of the first circuit in the sum of $1,022.57. The judgment being unsatisfied on June 26, 1934, the Collection Corporation, Limited, filed a creditor's bill against Hango Anami and Jue Anami in the first circuit court of this Territory to subject property standing in the name of plaintiff's wife, Jue Anami, to the lien of such judgment. Decision was rendered in favor of Collection Corporation, Limited. The trial court held that the investment in real estate represented profits of Hango Anami; that this was a scheme on the part of Hango Anami, participated in by his wife Jue Anami, for the purpose of defrauding his existing creditors; that the scheme had continued to exist since the year 1926 and that the real property referred to (which includes the parcel of land involved in the instant proceeding), in the name of Jue Anami, should be subjected to the satisfaction of the judgment of Collection Corporation, Limited.

The matter was appealed to the supreme court of the Territory of Hawaii and the decision of the lower court subjecting the property in the name of Jue Anami to the lien of the judgment of Collection Corporation, Limited, was affirmed by this court in 34 Hawaii 202, in a decision rendered on May 12, 1937. Thus, the property in question was subject to a creditor's lien as of September 21, 1934, and made expressly so by the amended decree filed on September 11, 1937, *nunc pro tunc* as of March 31, 1936, to

which proceedings plaintiff herein and his wife were made parties and from which decree there was no appeal.

On August 16, 1935, Jue Anami, wife of plaintiff herein and ostensibly owner of the property in question, having failed and neglected to pay the taxes due, the lot was sold for delinquent taxes to Maile Goo Wan Hoy on August 29, 1935. This deed to Maile Goo Wan Hoy was not recorded within the one month after sale thereof as provided by section 1961 of the Revised Laws of Hawaii but was recorded July 15, 1936, approximately eleven months after such sale.

On October 3, 1935, plaintiff Hango Anami filed a petition in bankruptcy and was discharged in bankruptcy on December 16, 1935. In the petition for bankruptcy plaintiff specifically alleged that he owned no real property, and this property was never brought within the jurisdiction of the bankruptcy court. Even had such property been brought within the jurisdiction of the bankruptcy court, it will be noted that the Collection Corporation lien had been attached to the land in quesion more than four months prior to the filing of the bankruptcy proceedings and therefore such lien would not be discharged or affected by plaintiff's adjudication of and discharge in bankruptcy. (6 Am. Jur., Bankruptcy § 493, p. 806.)

On August 20, 1936, less than one month after the deed to Maile Goo Wan Hoy had been recorded, plaintiff, who had been adjudicated the equitable owner of the land involved upon which his wife had neglected to pay the taxes, purchased said land from Maile Goo Wan Hoy, the purchaser at the tax sale, and received a deed therefor, recorded December 29, 1936.

On August 6, 1938, when the execution issued in the above-mentioned creditor's bill (Equity No. 3518) the land in question was sold by the high sheriff of the Territory to Louis Torres, the deed therefor being recorded on October

8, 1938, and Hango Anami, plaintiff herein, had personal knowledge of this sale. Shortly after this deed, Louis Torres entered into possession of this land, cleared it and erected a house thereon, and since that date has paid taxes on it. Since said execution sale by the high sheriff, Louis Torres and his successors have continuously, openly, and notoriously occupied the premises.

The defendants made several contentions whereby plaintiff could not sustain his action in ejectment; one, that the plaintiff could not acquire superior title against his wife, her creditors and privies, at a tax sale or from a purchaser at a tax sale, is decisive of the case. The second contention was that the failure to record the deed to Maile Goo Wan Hoy within the thirty-day period provided by statute (§ 5168, 5th par.) made such deed void.

The circuit judge held that such deed was not void though not recorded until eleven months after the date of its execution; that the statute does not make a specific provision and that "To place upon the statute the construction advanced by defendants would require the interpolation by the Court of a clause in the statute to the effect that if a tax deed were not so recorded within one month, it should be void, and it is beyond the province of a court to enlarge the scope of a statute by the interpretation thereof, especially to declare a forfeiture when the express language of the statute does not so provide."

The judge apparently overlooked and did not pass upon whether the deed was made void by virtue of section 7, Revised Laws of Hawaii 1945, which has been in existence since 1859. In view of our subsequent holding, it will not be necessary to pass upon the question of whether such tax deed was void *in toto,* as coming within the provisions of section 7, Revised Laws of Hawaii 1945.

The authorities are legion that one under a legal or moral obligation to pay taxes on lands sold for taxes may

not become a purchaser at such sale or secure good title to land sold in such tax proceeding, either directly or *indirectly*. This has been applied particularly to husbands and wives. Because the obligations and duties of husband and wife to each other, both express and implied, create such relations of trust and confidence between them, neither can acquire the property of the other by purchasing at a sale for nonpayment of taxes or by purchasing such land from the holder of the tax deed.

As stated in *Robinson* v. *Lewis,* 68 Miss. 69, 8 So. 258: "If the rule which prevents one spouse from securing a title where the other is disqualified rests only upon a supposed privity of estate between them, it might well be argued that our statutes upon the subject have destroyed its foundation. But the rule is founded upon considerations of public policy, and conclusively imparts to the one, as derived from the other, knowledge of those facts the existence of which precludes the other from action. The opportunities that would be afforded for fraudulent practices would be so numerous, and the difficulty of exposing them so great, that courts apply the doctrine of estoppel to both, and thus close the door that offers the temptation."

In *Peck* v. *Ayres,* 79 Kan. 457, 100 Pac. 283, it was held that the purchase by a third party, and thereafter by the husband, of land upon which the husband and wife resided and made their home and in which the wife owned a life estate, which was sold for failure to pay taxes and thereafter conveyed to the husband, gave the husband no interest in the land but was merely a redemption of the land by the tax sale.

The present case is even stronger than the case of a husband purchasing his wife's land after a tax sale, direct or indirect. In substance the land was the plaintiff's land under the decision of the creditor's bill so that the obligation to pay the taxes was a direct one and his purchase

operated only as an extinguishment of the tax lien and he acquired no rights against the creditors. The plaintiff cannot be permitted to gain an advantage from his own fraud or neglect in failing to pay the taxes which it was his obligation to pay. (*Pleasants* v. *Scott,* 76 Am. Dec. 94; *Moss* v. *Shear,* 85 Am. Dec. 94.)

The creditor's lien was not affected by the bankruptcy proceeding, as the land had not been listed by plaintiff as his property and had not come under the jurisdiction of the bankruptcy court; nor did the discharge affect the creditor's lien although it discharged plaintiff from personal liability. "The lien acquired by creditors instituting a creditors' suit, if commenced before the four-month period, is not affected by the debtor's bankruptcy; and since such lien generally attaches from the time of the issuance or service of process, filing of the bill, or commencement of the suit * * * the rule applies where the bill is filed before the four-month period, although the decree is rendered within such period, and in such a case the creditor may prosecute his suit to set aside a fraudulent conveyance to final decree and subject the proceeds of the fraudulent sale to the satisfaction of his lien." (8 C. J. S. § 244, p. 898.)

The validity of the lien of the Collection Corporation, Limited, as found by the trial judge, was sustained by this court; its foreclosure and sale of this property by the high sheriff operated to pass the title and interest of plaintiff and his wife to Torres, the purchaser. Plaintiff was a party to these proceedings and is concluded thereby.

Judgment affirmed.

*G. Kashiwa* (*S. Kashiwa* on the briefs) for plaintiff in error.

*C. N. Tavares* (*Pratt, Tavares & Cassidy* on the brief) for defendants in error.