THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* THE INDUSTRIAL SAVINGS BANK, Plaintiff in Error.

*Opinion filed October 24, 1916.*

1. COURTS—*when municipal court has no jurisdiction in suit for taxes.* The municipal court of Chicago has no jurisdiction of an action of the first class to recover taxes for a sum amounting to more than $1000 exclusive of costs, since a claim for taxes is not a debt and does not create the relation of debtor and creditor or rest upon a contract, express or implied, and a suit for taxes is not an action on a contract, express or implied, within the meaning of clause (*a*) of section 2 of the Municipal Court act.

2. JURISDICTION—*court cannot acquire jurisdiction by consent of parties.* If a court has no jurisdiction of the subject matter it cannot acquire jurisdiction by consent of the parties or otherwise, and where the trial court has no jurisdiction, an appeal or writ of error can confer no jurisdiction on the reviewing court to review the case on the merits.

3. SAME—*when court should of its own motion dismiss the suit.* Where a court has no jurisdiction of the subject matter of a suit it should dismiss the suit of its motion although the question of jurisdiction is not raised by the parties.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. HARRY C. MORAN, Judge, presiding.

B. M. SHAFFNER, (CHARLES J. JONES, of counsel,) for plaintiff in error.

MACLAY HOYNE, State's Attorney, (MORRIS SCHAEFFER, of counsel,) for the People.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

This is a suit in debt brought by the defendant in error against plaintiff in error in the municipal court of Chicago to recover $1890 for personal property tax for the year 1913, in an action of the first class. Plaintiff in error filed an affidavit of defense, setting forth that the board of review changed its assessment without notice to plaintiff in

error, assessed its property in a lump sum and assessed to plaintiff in error property which did not belong to it. The court gave judgment for the full amount sued for in behalf of the People, and this writ of error was sued out.

Section 2 of the Municipal Court act defines actions of the first class in the municipal court as follows: "(*a*) All actions on contracts, express or implied, when the amount claimed by the plaintiff, exclusive of costs, exceeds $1000; (*b*) all actions for the recovery of personal property when the value of the property sought to be recovered as claimed by the plaintiff exceeds $1000; and (*c*) all actions for the recovery of damages for the conversion of personal property, and actions for the recovery of damages for injuries to personal property, when the amount of damages sought to be recovered, as claimed by the plaintiff, exclusive of costs, exceeds $1000." The court obtains jurisdiction of this suit, if at all, because of said provisions of division (*a*) of said section.

It was decided by this court in the case of *People* v. *Dummer,* 274 Ill. 637, that a claim for taxes is not a debt and does not create the relation of debtor and creditor or rest upon a contract, express or implied, and that a suit for taxes is not an action on contract, express or implied. It was further decided that for the foregoing reasons the municipal court has no jurisdiction in a suit for taxes for an amount claimed and recovered, exclusive of costs, exceeding $1000. The municipal court had no jurisdiction in the instant case, and therefore this court has no jurisdiction to review the case on the merits.

If a court has no jurisdiction of the subject matter it cannot acquire jurisdiction by consent of the parties or otherwise. Where the trial court has no jurisdiction, an appeal or writ of error can confer no jurisdiction on the reviewing court. (*Leigh* v. *Mason,* 1 Scam. 249; *Peak* v. *People,* 71 Ill. 278; *Beesman* v. *City of Peoria,* 16 id. 484; *Village of Hammond* v. *Leavitt,* 181 id. 416.) The ques-

tion of jurisdiction was not raised in the trial court nor has it been suggested by either party in this court, but where the court has no jurisdiction of the subject matter of a suit it may dismiss the suit of its own motion, and should do so. *Roby* v. *South Park Comrs.* 215 Ill. 200.

The judgment of the municipal court is reversed.

*Judgment reversed.*