(No. 18248.—Reversed and remanded.)
Leslie F. McCullough, Appellant, *vs.* Frederick I. Judson, Appellee.

*Opinion filed October 22, 1927—Rehearing denied Dec. 8, 1927.*

1. Words and phrases—*what is meant by the word "estate."* In its popular sense the word "estate" includes both real and personal property, and it is not necessarily limited to include the absolute title to the property but may include an estate for life or for years.

2. Insane persons—*insane person with life income has an "estate" within meaning of section 1 of Lunatic act.* An insane person having an income for life from a trust estate created by will, of which income he has absolute power of disposal, has an "estate" within the meaning of section 1 of the statute in regard to lunatics and idiots.

3. Same—*order of probate court that conservator should be appointed under section 1 of Lunatic act is final and appealable.* An order of the probate court in a proceeding under section 1 of the statute in regard to lunatics, idiots and spendthrifts, finding that the defendant is an incompetent person and that a conservator should be appointed for him, is the adjudication of the ultimate question necessary to the appointment of a conservator and is a final order, from which an appeal lies to the circuit court.

4. Jurisdiction—*a court having no jurisdiction should dismiss suit.* Where a court has no jurisdiction of the subject matter of a suit it should of its own motion dismiss the suit instead of directing a verdict and entering judgment thereon.

Appeal from the Circuit Court of Cook county; the Hon. Kickham Scanlan, Judge, presiding.

Bangs & Frankhauser, (Wendell McHenry, of counsel,) for appellant.

Jacob Levy, (J. M. Gwin, of counsel,) for appellee.

Mr. Justice Farmer delivered the opinion of the court:

Appellant, Leslie F. McCullough, filed a petition in the probate court of Cook county for the appointment of a conservator for the person and estate of Frederick I. Judson, an alleged incompetent. The petition alleged Judson was a resident of Cook county, had an annual income not exceeding $2000, and is wholly incapable of managing the estate or transacting business; that petitioner is the disbursing trustee of Judson and is given personal supervision over him by the provisions of the will and codicil of Juliet E. Jones, who was the mother of Judson. Judson was duly served with summons, a trial had by jury and a verdict returned that he was an incompetent person. The probate court overruled a motion for new trial and entered an order finding Judson to be an incompetent, that he had been so more than seventeen years, and that a conservator should be appointed for him. An appeal was prosecuted from that order to the circuit court, and no conservator was appointed pending the appeal. Appellant, who filed the petition in the probate court, moved the circuit court to dismiss the appeal because (1) the order appealed from was not a final order, and (2) appeals in such proceedings, in any event, do not lie to the circuit court. The motion was denied and a trial by jury was had in the circuit court. A large number of witnesses testified for petitioner and none were called by Judson. The evidence tended strongly to show Judson is an incompetent and incapable of transacting business. At the conclusion of the evidence, on motion of counsel for Judson, the court directed the jury to find the issues for Judson. The trial court expressed the view that Judson has no estate and on that ground directed a verdict in his favor. An appeal was prayed, and the court certified that the constitutionality of the act con-

cerning idiots, etc., (Smith's Stat. chap. 86,) is involved
and was raised by appellant on the hearing, and the ap-
peal was allowed direct to this court.

The evidence introduced by appellant abundantly sus-
tained the allegations of the petition and no evidence was
offered to the contrary. Judson was sixty-six or sixty-eight
years old at the time of the hearing. After his mother's
death he was taken to Cook county to live and later resided
with appellant at his home in Oak Park, where he was
treated as a member of the family and furnished with com-
fortable surroundings. In October, 1923, while living at
appellant's house, he and a young woman about twenty-one
years old started ostensibly to visit the Field Museum. In-
stead of going to the museum, at the young woman's re-
quest they went to the court house, procured a marriage
license, for which she paid, and went somewhere else and
were married. The young woman was employed as a
maid in a family who lived two blocks from where appel-
lant lived. The parties never lived together as man and
wife. After the marriage they went to their respective
places of abode, and the young woman still resides with
the family by whom she is employed. Shortly after the
marriage appellee's wife caused him to be moved to the
house of another family in a different part of the city, and
afterwards he was moved from place to place but always
apparently to much poorer quarters than he occupied before
his marriage. In addition to paying appellee's board he
had been paid for a long time $10 a week for spending
money. The evidence shows that the wife visited him, at
places to which she had him removed, often enough to get
the money paid him for spending money, except a dollar
or two which she allowed him to keep. She never con-
tributed to paying for his board or support. In 1923 ap-
pellee filed a bill in the circuit court of Sangamon county
against the First Trust and Savings Bank of Springfield
and appellant. The court refused to permit the bill and

answer to be introduced in evidence but admitted the decree, which found Charles B. Ayers, mentioned in the will, died in August, 1920, and Leslie F. McCullough became, and has since acted as, disbursing trustee of the income from the trust fund and has expended the same for the benefit of appellee; that appellee is a person of subnormal mentality; that it was necessary to appoint a guardian *ad litem* to represent him.

The will of appellee's mother devised all her estate, real and personal, to the First Trust and Savings Bank of Springfield as trustee, with directions to use the income for the support and maintenance of her only son, appellee. The trust was a spendthrift trust, and the income was to be paid into the hands of appellee or expended for him in weekly or monthly installments. The income was not to be allowed to accumulate, but the entire income was to be paid to or spent for the benefit of appellee. An ultimate gift over was made of the property on the death of appellee. By a codicil Charles B. Ayers, a nephew of testatrix, was given personal supervision of appellee and was to receive the income from the trustee monthly, and in case of Ayers' death his son-in-law, appellant, should receive from the trustee the income and disburse the same.

Section 1 of chapter 86 of Smith's Statutes provides that when any person "having an estate, real or personal," shall be supposed to be insane or incapable of managing and caring for his own estate, or shall be supposed to be a drunkard or spendthrift, a conservator may be appointed for him. The circuit court directed a verdict finding the issues for appellee for the reason that appellee had no estate. Appellant contends that section 20 of article 6 of the constitution confers jurisdiction on probate courts, when established, to appoint conservators and makes no requirement that the supposed incompetent must have an estate to authorize the appointment of a conservator; that the attempted requirement of the statute that the alleged in-

competent must have an estate is a limitation upon or curtailment of the jurisdiction conferred by the constitution and is void. That was the constitutional question upon which the appeal was granted direct to this court.

In its popular sense the word "estate" includes both real and personal property. (10 R. C. L. 646, 647.) It need not necessarily include the absolute title to the property but may be limited to an estate for life or for years. Appellee is not the owner of the absolute title to the *corpus* of the trust estate but he does own the entire income for life. The will provides the income shall not be allowed to accumulate in the hands of the trustee but shall be paid annually to or expended for the benefit of appellee. After he received it, it was his to do with as he wished. The proof shows he was paid $10 a week for spending money but was incapable of managing or taking care of it. Appellee's estate was the right to the income from the trust fund for life, and was as much an estate, under the popular understanding of the term, as would be the right to the income from land during life.

In our view of the case it becomes unnecessary to determine the constitutionality of the statute as appellee did have an estate, which gave the court jurisdiction, under the statute, to appoint a conservator. In our opinion the court erred in holding to the contrary and in directing a verdict for appellee and rendering judgment thereon. Even if the court had been right in the view that appellee had no estate, it erred in directing a verdict and rendering judgment thereon. If the court had no jurisdiction its only authority was to dismiss the case when that appeared. Instructing the jury to find the issues for appellee and rendering judgment was an exercise of jurisdiction. In the case of *People* v. *Industrial Savings Bank,* 275 Ill. 139, this court held that where a court has no jurisdiction of the subject matter of a suit, it may, and should of its own motion, dismiss the suit. In *Clark* v. *Carr,* 45 Ill. App. 469, it was con-

tended the court from which the appeal was prosecuted had no jurisdiction of the subject matter of the litigation. The court, by Mr. Justice Cartwright, said: "If this were true it would not justify the court in directing a verdict for the defendant and entering a judgment but the proceeding should have been dismissed. To direct a verdict for defendant was not a disclaimer of jurisdiction but an exercise of it."

We are of opinion that the order of the probate court appealed from was an appealable order. It was the final judgment of that court that appellee was an incompetent and that a conservator should be appointed. It was the adjudication of the ultimate question necessary to the appointment of a conservator and was appealable. In such cases the appeal lies to the circuit court. *Snyder* v. *Snyder,* 142 Ill. 60; *McMahan* v. *Trautvetter,* 305 id. 395.

It is not denied or questioned by counsel for appellee that if the probate court had jurisdiction its judgment was right. The argument of counsel for appellee is based on the contention that appellee had no estate and that the probate court had no jurisdiction to render the judgment, and that was the ground upon which the circuit court directed a verdict for appellee and rendered judgment on the verdict. No evidence was offered by appellee. The evidence of appellant unquestionably sustains the allegations of the petition that appellee is an incompetent. This would be made abundantly to appear by setting out the testimony, but as it has not been questioned or denied we deem that unnecessary. The only defense to the petition sought to be made by appellee and his counsel was that he had no estate and that no conservator could be appointed for him. That contention is not sustained by the law.

The judgment of the circuit court is reversed and the cause remanded.

*Reversed and remanded.*