(No. 21316.—

JOSEPH MILLER *et al.* Appellees, *vs.* MURRAY D. AKIN *et al.* Appellants.

*Opinion filed October 22, 1932.*

HARRY G. HEMPSTEAD, and PAUL MACGUFFIN, for appellants.

CLARENCE W. DIVER, and CASSELS, POTTER & BENTLEY, (RALPH F. POTTER, and GEORGE C. BUNGE, of counsel,) for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

On August 18, 1922, Peter Miller filed in the circuit court of Lake county a bill praying that a contract for the sale by him of his farm known as the Peter Miller farm, containing 206 acres more or less, situated in Lake county, to Murray D. Akin, might be decreed to be null and void and the record thereof removed as a cloud on the title to said farm, and that certain trust deeds on said property executed by Akin and his wife, Mary Agnes Akin, might be decreed to be null and void. Appellants here, Murray D. Akin, the Stewart State Bank and Edward J. Baker, with other defendants, filed a demurrer to the bill. On January 30, 1925, the death of the complainant, Peter Miller, was suggested on the record, and appellees, Joseph Miller and Margaret Stilling, devisees of Peter Miller, were substituted

as complainants and were given leave to file an amended and supplemental bill, and on May 19, 1925, such bill was filed. Appellants, together with other defendants, filed their answer thereto. On July 15, 1925, appellants and others filed a cross-bill for specific performance of the contract for the sale of the real estate, to which an answer was filed by appellees. After numerous amendments to the pleadings had been made replications were filed to the answers, and on December 5, 1927, the cause was referred to a special master in chancery to take the proofs and report his conclusions of law and fact. After taking the evidence, but before filing his report, the special master died, and by stipulation of the parties the case was presented to the chancellor on the evidence taken before the special master, together with all the exhibits attached thereto and made a part thereof, which should become a part of the records and be considered by the court and have the same force and effect as if said testimony and exhibits had been duly certified by the special master and filed in the court and with the same force and effect as though the testimony had been taken and exhibits introduced before the court. On September 18, 1931, a decree was entered by the court dismissing the cross-bill for want of equity and finding and decreeing that appellees were the owners of the property in question, that appellants had no right, title or interest therein, that the contract of sale of the property was of no force and effect, and that it and the trust deeds were invalid and should be removed as clouds on the title of appellees. Appellants prayed and perfected an appeal to the Appellate Court for the Second District, and that court ordered the cause transferred to this court. The cause was submitted to this court on oral arguments of the attorneys for the parties at the April term, 1932.

The testimony in the record is in substance as follows: On August 2, 1913, Peter Miller and Eva Miller, his wife, and appellant Murray D. Akin, entered into a written con-

tract by which Miller and wife agreed to sell to Akin the aforesaid farm, located in Lake county, for $13,360, payments to be made as follows: $1500 on the execution of the agreement; $200 on March 1, 1915; $300 on March 1, 1916; $425 on March 1, 1917; $550 on March 1, 1918; $675 on March 1, 1919; $800 on March 1, 1920; $900 on March 1, 1921, and $1010 on March 1, 1922. The contract further provided that on March 1, 1922, a deed to the premises was to be delivered to the purchaser, who was to give a note for $7000, (the balance of the purchase price,) payable five years after date, with interest at five per cent and secured by a mortgage or trust deed as a first lien on the property; that the purchaser should be given possession of the premises on March 1, 1914; that the balance due as purchase price of the property should draw interest at four and one-half per cent, payable semi-annually, until March 1, 1915, and thereafter at five per cent, payable annually; that the purchaser should pay all taxes on the property levied after the year 1913; that the vendors should furnish an abstract of title before March 1, 1922, or within thirty days after being notified by the purchaser that he wished to pay the balance due under the contract; that the purchaser should not sell or assign the contract while in arrears in interest or principal payments; that "in case of a total failure of crops, or of sickness or other unavoidable cause" to the purchaser, the payments provided for should "be extended three months;" that time was an essential condition of the agreement, and if the purchaser failed to make any of the payments or perform any of the conditions of the contract by him to be performed at the time and in the manner specified, then all money paid by him should be forfeited and the vendors discharged from any liability or obligation under the contract and the contract should be null and void at the option of the vendors. Akin took possession of the property under the contract of sale, made the initial payment of $1500, and on or about

the following dates made payments on the purchase price, as follows: March 1, 1915, $200; March 20, 1916, $300; March 1, 1917, $425; March 1, 1918, $550; June 2, 1919, $675, and March 8, 1920, $800. The installment of $900 due on March 1, 1921, and the installment of $1010 due on March 1, 1922, were not paid but the interest on the balance due under the contract up to March 1, 1922, was paid by him. He did not pay the taxes on the property for the year 1921 or for any subsequent year but the taxes for 1921 and subsequent years were paid by Peter Miller and appellees. On March 1, 1921, Akin wrote to Peter Miller and enclosed a check for the interest then due and asked for an extension of sixty or ninety days for payment of the installment of principal then due. On May 5, 1921, he again wrote to Miller and asked for a further extension of time of payment of that installment until September, and received a reply from Miller granting the extension of time for payment of that installment until September, 1921. On September 5, 1921, Akin again wrote to Miller and asked for a further extension of time until the following spring in which to make payment, but, so far as the evidence shows, received no reply to his request. On November 1, 1921, Joseph Miller, who acted as agent for his father, Peter Miller, wrote to Akin as follows: "Do you want to sell the contract or the farm of Peter Miller? If so, please let me know what price you hold it at." In February, 1922, Joseph Miller again wrote to Akin as follows: "There is past due $900—that is the year before; also $1010 due March 1, 1922; also interest $222.75; and this is the time of giving a deed and abstract and taking first mortgage back on the farm."

On or about March 3, 1922, Akin went to the home of Peter Miller, in McHenry, where Joseph Miller also lived, but found neither of the Millers at home. He then went to the office of Simon Stoffel, an insurance agent in Mc- Henry who had acted as agent in negotiating the contract

for the sale of the farm to Akin, and left with Stoffel's daughter a check payable to Peter Miller for $222.75, the amount of interest due on March 1, 1922, under the contract, and requested her to deliver the check to Peter Miller or have her father do so, and request Miller to grant a further extension of time to pay the amount then due as principal under the contract. The check was delivered to Joseph Miller, and Stoffel asked him to grant Akin a further extension of time in which to pay the installments due under the contract. Stoffel testified that Joseph Miller was noncommital on the question of granting a further extension of time. Joseph Miller testified that the check was handed to him by Stoffel's daughter and that later Stoffel saw him and asked about granting Akin a further extension of time, and he told Stoffel that no further extension of time would be granted Akin in which to make the payments then due under the contract. On or about March 12, 1922, Akin became sick with *la grippe* and was confined to his bed for about ten days, under the care of a doctor. He got up after ten days, but after a short period had a relapse and was in bed again for two weeks, after which period he went to Michigan to a sanitarium and remained there until October, 1922. On November 5, 1919, Akin and his wife executed a trust deed to Frank Rockwell to secure a note of Akin for the principal sum of $68,000, of which note appellant Edward J. Baker is the owner and holder and which trust deed was recorded in the recorder's office of Lake county November 7, 1919. On May 20, 1922, Akin and his wife executed another trust deed to J. W. Chaffee, as trustee, to secure three certain notes of Akin aggregating the principal sum of $31,000, of which notes appellant the Stewart State Bank of St. Charles, Illinois, is the owner and holder, and which trust deed was recorded in the recorder's office of Lake county May 27, 1922. Included in the land covered by the trust deeds was the land Akin had contracted to buy of Peter Miller. On

March 31, 1924, Peter Miller filed a forcible entry and detainer suit against Akin and his tenant, Joseph Hironimus, in the county court of Lake county, to recover possession of the land which he had contracted to sell to Akin. Summons was served on Akin and Hironimus. In the declaration filed by Miller it was alleged that Akin entered into possession of the premises under the contract of sale; that his right to possession of the premises had terminated because of his failure to comply with the terms of the contract and that Hironimus had no right to possession of the premises and that due demand for possession had been made by the plaintiff. There was a trial on April 23, 1924, before a jury, which returned a verdict in favor of Miller. Judgment was entered on the verdict, and the judgment recites that Akin and Hironimus appeared at the trial of the cause by their attorney. No appeal was prosecuted from that judgment. Writ of restitution was issued on January 17, 1925, and appellees have been in possession of the premises since March, 1925.

Peter Miller died on August 17, 1924. His wife died before his death. He left a will which was executed March 2, 1921, and which was admitted to probate in the county court of McHenry county on October 6, 1924. By the will the testator made two bequests—one of five dollars and one of $2000—and devised and bequeathed the remainder of his estate to appellees in equal shares. The will provided that the bequest of $2000 was not to be paid until the executor collected the $7000 to be due March 1, 1927, as the balance of the purchase price of the land sold to Akin.

It appears from the evidence in the record that the first time that Peter Miller, the complainant in the original bill, or either of the appellees in this case, obtained any actual knowledge that Akin and his wife had executed the two trust deeds securing notes aggregating the principal sum of $99,000 held by Baker and the Stewart State Bank

was in the latter part of April, 1922, at which time Joseph Miller ascertained from "the records at the court house" that those two trust deeds were recorded in the recorder's office of Lake county. The contract of sale was recorded in the recorder's office of said county in one of the mortgage records of that office. The evidence in the record shows, and appellants admit, that Akin owed on the contract of sale on the date of the decree of the court the principal sum of $8910, including $900 due March 1, 1921, and $1010 due March 1, 1922, and interest due on said sums amounting to $4253.29, amounting in all to the sum of $13,163.29; that he also owed the further sum of $1318.43 for taxes on the farm paid by Peter Miller and appellees for the years 1921 to the date of the decree, and interest thereon of $396.89, making a grand total of $14,-878.61, which is $1121.73 more than the principal sum he had contracted to pay for the farm. Akin never at any time after the original bill was filed tendered either to Peter Miller or to appellees the sum he owed on the contract of sale. The only evidence in the record of an offer to pay any part of the debt or costs of the suit by any of the appellants was given by John W. Chaffee, the president of the Stewart State Bank and trustee in the trust deed securing the $31,000 loan to Akin by that bank. Chaffee testified that after the original bill was filed by Peter Miller he called on one Pouse, a solicitor for Miller, and told him that "we were willing and ready to pay the amount due, with interest and costs, and get title to the farm." He said Pouse told him he would take the matter up with Miller and "let us know," but that he never heard anything from him. No actual tender of any amount due on the contract of sale was made to Peter Miller or to appellees by any one of the appellants or by any party defendant to this suit in the court below.

The material facts as they appear in the pleadings and the evidence in the case have been stated. The circuit court

found and decided that by the proceedings and judgment of the county court of Lake county in the forcible entry and detainer suit Akin was barred from asserting any right or interest in the real estate under the contract of sale. The only question that was decided in that suit was that the complainant, Peter Miller, was entitled to the possession of the farm.

The first point made by appellants is, that at the time the original bill was filed by Peter Miller the property was in the possession of Akin, and therefore Miller was not in a position to maintain a bill to remove clouds from the title to the property and that appellees might not rely on possession, gained after the original bill was filed, to maintain their supplemental bill. A bill to remove clouds from the title to real estate which does not show other grounds for equitable relief is subject to demurrer if it does not contain an allegation that the complainant is in possession of the property or that the property is unoccupied, (*Hooper* v. *Traver*, 336 Ill. 275,) and where an original bill to remove clouds from the title to real estate is filed at a time when the property is in the possession of someone other than the complainant, the court may properly refuse leave to file a supplemental bill which alleges that possession of the property has been obtained since the filing of the original bill. (*Brownback* v. *Keister*, 220 Ill. 544.) The amended and supplemental bill filed in this case by appellees set up the proceedings and judgment of the county court in the forcible entry and detainer suit and alleged that appellees were in possession of the property. Appellants made no objection to the filing of the amended and supplemental bill. They did not file a demurrer to that bill or otherwise question its sufficiency or propriety but filed an answer thereto and had a hearing of the case made by that bill on the merits without raising any question as to the right of the appellees to maintain their case on a supplemental bill. Since appellants did not raise the question in the court be-

low they are in no position to raise in this court the question whether the case stated in the supplemental bill was one that might properly be presented by such bill. *VanWert* v. *Boyes,* 140 Ill. 89.

Appellants contend that by accepting payments under the contract after the time such payments were due under the contract and by granting extensions of time in which to make the payment due March 1, 1921, Peter Miller waived his right to declare a forfeiture on the contract without giving Akin notice of his intention to do so; that no demand for payment or notice of forfeiture was ever served on Akin, and that, therefore, Akin's rights under the contract were not terminated. There is no question that at the time the original bill was filed, on August 18, 1922, Akin had failed to make the payments due on March 1, 1921, and March 1, 1922, under the contract and had failed to pay the taxes for 1921 on the property, and it is also true that Miller had not, before the bill was filed, made demand for the amount due and given notice that the contract would be forfeited. Whether or not Miller had, at the time the original bill was filed, waived his right to forfeiture under the contract without making a demand for payment and serving notice of intention to declare a forfeiture we do not deem it necessary to determine. It is certain that by the original bill Akin was notified of the intention of Miller to declare a forfeiture of the contract, but Akin never at any time thereafter paid or tendered to Miller or to appellees, or either of them, the amount due from him under the contract or thereafter paid any taxes on the property.

The amended and supplemental bill of appellees was filed on May 15, 1925. Appellees were then in the possession of the farm. Over three years had elapsed since Akin had paid anything under the contract of sale. Two years and almost nine months had elapsed since the original bill had been filed. Demand for possession of the property had

been served upon Akin and a judgment for possession of the property had been obtained against him. He had not during all that time paid or tendered the amount due from him under the contract of sale signed by him. Whatever may have been the rights of Akin under the contract at the time the original bill was filed, we think it clearly appears that all his rights under the contract had been forfeited at the time the amended and supplemental bill was filed by appellees, by reason of his failure to perform or offer to perform the conditions of the contract. (*Stuckrath* v. *Briggs & Turivas,* 329 Ill. 555.) As we have already indicated, Akin did not oppose the filing of the amended and supplemental bill by demurrer or otherwise raise the question that the case stated in the bill was not one that could be presented by a supplemental bill, but filed an answer thereto and had a hearing on that amended and supplemental bill on the merits under the evidence taken on that bill. He has thereby waived his right in this court to raise the question that appellees did not have a right to file and have considered the issues presented by the supplemental bill. A contract for the sale of real estate may be recorded, and when recorded the record gives notice to all the world of the rights of the parties under the contract. (*Bishop* v. *Newton,* 20 Ill. 175; *Willoughby* v. *Lawrence,* 116 id. 11; *Baltimore and Ohio Southwestern Railroad Co.* v. *Brubaker,* 217 id. 462.) The other appellants, Edward J. Baker and the Stewart State Bank, had constructive notice of the rights of appellees and the obligations of Akin under the provisions of the contract of sale. This they admit. These two appellants were parties to all the pleadings filed by Akin in answer to the original bill and were parties to the cross-bill, and in their answer and amended answers to the original bill and appellees' amended and supplemental bill, they, together with Akin, admitted practically every contention made by appellees as to the entire failure of Akin to fulfill any of his obligations under

the contract after the original bill had been filed. The court therefore did not err in decreeing that the trust deeds should be canceled and that their cross-bill should be dismissed for want of equity.

The decree of the circuit court is affirmed.

*Decree affirmed.*