In re Estate of Andrew Leonard Johnson, Deceased. Joseph C. Grant, Executor of the Last Will and Testament of Said Decedent, Appellant, v. Helen W. Johnson and Julius Johnson, Appellees.

Gen. No. 37,359.

320

Opinion filed October 24, 1934.

WEIGHTSTILL WOODS, for appellant.

ROBERT H. HOLMES, for appellees.

MR. JUSTICE WILSON delivered the opinion of the court.

This is an appeal from an order of the circuit court of Cook county dismissing the appeal of Joseph C. Grant, executor of the last will and testament of Andrew Leonard Johnson, deceased. The matter reached the circuit court of Cook county on an appeal from an order entered December 14, 1932, in the probate court, vacating an order settling the final account of said executor and recorded in the probate court on February 24, 1932. This order was vacated in the probate court on the petition of Helen and Julius Johnson. This petition was verified under oath. It recited that prior to January 12, 1932, the Honorable Richard V. Carpenter of Belvidere had been presiding in the probate court of Cook county, but on or about that date ceased to so hold court and returned to his home at Belvidere, Illinois; recites further that on February 22, 1932, petitioners, through their attorney, were

served with a notice that the executor, by his attorney, would on Wednesday, the 24th day of February, A. D. 1932, at the hour of 11 o'clock a. m., present to the Honorable Richard V. Carpenter at the courthouse in Belvidere, Illinois, a draft order fixing the fees to be allowed the executor and to his attorney in the matter of the administration of said estate.

The petition further charges that there later appeared upon the dockets of the probate court an order signed by Richard V. Carpenter and dated February 24, 1932, fixing the fees of the executor and his attorney and settling the final account.

The order vacating this order of February 24th was entered by Judge Kastel in the probate court of Cook county, December 14, 1932. From this order it appears that the court had before it the petition and the records of the court and was fully advised in the premises. There is nothing else of record before us other than the petition and the order of December 14th, vacating the order of February 24th.

The probate court of Cook county had before it the records of that court and these records disclosed that Carpenter was not presiding in the probate court of Cook county at the time of the signing of the order of February 24th. The notice served upon counsel for Helen and Julius Johnson shows that it was to be heard in Belvidere, Illinois by Judge Carpenter. In the absence of any other notice in the record we assume that this was the only notice to settle the executor's accounts. From the record as it appears before us, the order of February 24th was void for want of jurisdiction. A court has a right to correct orders improperly entered for want of jurisdiction. *People v. Industrial Savings Bank,* 275 Ill. 139.

Judge Carpenter while sitting in Belvidere, Illinois, and outside of Cook county, was without authority to enter any order in a cause pending in the probate court of Cook county. He had severed his connections as

322

acting judge of the probate court of that county at the time the order was entered and it was, therefore, a nullity. *United States Life Ins. Co. v. Shattuck*, 159 Ill. 610.

The order of Judge Kastel, appealed from, is based upon the sworn petition, the notice of the motion to appear before Judge Carpenter at Belvidere, the records of the probate court, of which that court will take judicial notice, and arguments of counsel upon the hearing to vacate. There is nothing else contained in this record.

Every presumption will be indulged in favor of the validity of the latter order and from the facts as they appear in the record now before us, the circuit court properly dismissed the appeal.

For the reasons stated in this opinion the order of the circuit court is affirmed.

*Order affirmed.*

HEBEL, P.J., and HALL, J., concur.