(No. 32209.—

HENRY BARGER, Appellant, *vs.* J. O. SLAYDEN *et al.*, Appellees.

*Opinion filed January 24, 1952.*

BOSWELL & BOSWELL, ARLIE O. BOSWELL, SR., LLOYD H. MELTON, and D. E. CAVENDER, JR., all of Harrisburg, for appellant.

GEORGE B. LEE, and RUMSEY & DENNIS, both of Harrisburg, for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is an appeal by Henry Barger, plaintiff below, to reverse a decree of the circuit court of Saline County dismissing his complaint, praying an order to quiet title, for want of equity.

September 29, 1948, plaintiff filed his complaint alleging in count I that he was owner in fee simple of blocks 2 and 4 in Baugher's subdivision to the village of Carrier Mills, in Saline County, that title was evidenced by a recorded warranty deed of June 6, 1929, that defendants J. O. and Ona Slayden were grantees in a quitclaim deed executed by one W. H. Upchurch and that said defendants went into possession with consent and permission of plaintiff, that Upchurch owned no interest therein and conveyed no title, wherefore plaintiff prayed possession and to be decreed owner of the premises. Count II realleged plaintiff's ownership of the two blocks, that the defendants each claim some title to said realty, which claims are a cloud on plaintiff's prior title, wherefore plaintiff prays for a decree declaring him owner of the premises.

Defendants answered and counterclaimed, asking that a mistake in a deed from plaintiff be corrected and prayed for a decree that J. O. and Ona Slayden are fee-simple owners and that title be quieted in them.

The circuit court found jurisdiction of parties and subject matter, and referred the issue to a master in chancery to take proofs and report testimony with his conclusions to the court. The master found that plaintiff acquired fee-simple title to blocks 1, 2, 3, and 4 of Baugher's subdivision to the village of Carrier Mills by warranty deed from A. S. Barger, dated June 6, 1929, and recorded June 15, 1929. Plaintiff and his wife conveyed said blocks 1 and 3 to Warren Caughell by warranty deed of July 27, 1936, recorded July 30, 1936. August 16, 1937, Caughell conveyed blocks 1, 2, 3, and 4 to W. H. Upchurch by quitclaim deed dated August 16, 1937, and recorded the following August 28. Upchurch thereafter on August 28, 1937, conveyed blocks 1, 2, 3, and 4 to J. O. and Ona Slayden by quitclaim deed, then recorded.

On January 10, 1950, plaintiff and his wife, by warranty deed, conveyed blocks 2 and 4 to Elmer and Eva Barger. The master found no mutual mistake made by plaintiff and Caughell, or the scrivener who prepared their deed of July 27, 1936, and that title to blocks 2 and 4 was not thereby conveyed. Defendants did not acquire title to blocks 2 and 4 by possession and payment of taxes. Title to said blocks remained in plaintiff or his grantees or assigns. The master recommended dismissal of the cross complaint and that plaintiff be granted a decree. Thereafter the court dismissed both the complaint and cross complaint for want of equity, both being bad and insufficient. Plaintiff's complaint failed to allege possession of blocks 2 and 4 in him or that said blocks were unimproved. Defendant had failed to meet the burden of proof of title to the premises.

Plaintiff alleges that the court erred (1) in dismissing complaint, (2) in overruling his motion to vacate the order dismissing complaint, (3) in failing to sustain findings of the master, (4) in ruling it did not have jurisdiction,

(5) in failing to consider the pleadings as a whole in determining jurisdiction, (6) in denying plaintiff the relief prayed, and (7) in overruling his motion to vacate judgment.

The complaint of plaintiff is a bill to quiet title to blocks 2 and 4 in himself or his grantors and assigns. It is fundamental that a bill to quiet title must show either that plaintiff is in possession or that the property is unoccupied in order to invoke proper equitable jurisdiction unless some other ground for equitable relief is shown. (*Miller* v. *Akin,* 350 Ill. 186.) Plaintiff's complaint here alleges neither requisite, but instead shows on its face that defendants are in possession of the property. The master in chancery also found that possession was in the defendants. It is evident, therefore, that unless some other ground of equitable jurisdiction is shown there could properly be a dismissal of plaintiff's complaint. Where a court of equity takes jurisdiction of a cause, it retains it for all purposes to do complete justice between the parties. (*Fenske Bros., Inc.* v. *Upholsterers International Union,* 358 Ill. 239.) Plaintiff maintains that even though his complaint is defective on its face to invoke equitable jurisdiction to quiet title, still defendants by their counterclaim for reformation of the deed for mutual mistake properly invoked equitable jurisdiction; that by such request for affirmative equitable relief the court took jurisdiction of the subject matter, and that there being thus other grounds for equitable jurisdiction, equity should have settled all dispute between the parties.

The rule on which plaintiff relies is stated above as taken from *Miller* v. *Akin,* 350 Ill. 186. That case relies on *Brownback* v. *Keister,* 220 Ill. 544, 553, which states that "The law is well settled that a court of equity is without jurisdiction to hear and determine a bill to remove a cloud from title, where the lands are in the possession of the defendants, unless some other ground of equitable

cognizance appears from the bill and is established upon the hearing." The *Brownback case* in turn relies on *Toledo, St. Louis and New Orleans Railroad Co.* v. *St. Louis and Ohio River Railroad Co.* 208 Ill. 623, which states that the other ground of equitable cognizance to be relied on must not only be alleged in a bill but the proof thereof must be sufficient to warrant relief on such ground. Here, the master found from the evidence presented that there was no showing of mutual mistake upon which relief of reformation could be decreed. Such determination is supported by the record and is not manifestly erroneous. Thus, such ground of equitable cognizance was not established on the hearing and may not be relied on by the plaintiff as a basis of equitable jurisdiction for the relief prayed in his complaint.

It is further claimed by plaintiff that in his answer, and at no time during the proceedings, did defendant object to the insufficiency of plaintiff's complaint, but set up a countercomplaint, thereby waiving any valid objections to the jurisdiction. While this may well be true, it is not necessary for this court to consider such allegation. The complaint and countercomplaint were dismissed on the motion of the circuit court. The rule that objections to the jurisdiction of a court of chancery must be raised by a plea or demurrer in the first instance extends only to questions of jurisdiction of the parties. The court may, for its own protection, interpose the objection at any stage of the proceeding that it has no jurisdiction over the subject matter of the suit. (*Kimball* v. *Walker,* 30 Ill. 482; *Allott* v. *American Strawboard Co.* 237 Ill. 55; *People* v. *Industrial Savings Bank,* 275 Ill. 139; *McCullough* v. *Judson,* 327 Ill. 381; *Village of Glencoe* v. *Industrial Com.* 354 Ill. 190.) When it became apparent to the chancellor that no proper grounds for equitable jurisdiction were shown, it became his duty to protect the court by ordering a dismissal of both the complaint and countercomplaint.

Here, the plaintiff's complaint was defective on its face and hence insufficient in itself to invoke equitable cognizance of it as a bill to quiet title. The allegations and proofs being thus insufficient, a want of equity in the complaint became apparent. The defendants' counterclaim was insufficient to raise equitable jurisdiction of the controversy between the parties since it failed to prove any intent on the part of the plaintiff and his wife, and of Warren Caughell, to make a conveyance of blocks 2 and 4. There being no proved mistake of the scrivener, nor any proof of title in defendants, the counterclaim was insufficient and properly dismissed for want of equity. Accordingly, the decree of the circuit court of Saline County is correct and is affirmed.

*Decree affirmed.*