(No. 35549.—

ALBERT J. HERZER *et al.,* Appellees, *vs.* JOHN DEMBOSZ, SR., *et al.*—(ALBERT VERCRUYSSE *et al.,* Appellants.)

*Opinion filed May 18, 1960.*

Eugene R. Pietkiewicz, of Chicago, for appellants.

Sol R. Friedman & I. S. Friedman, and Joseph H. Stiller, both of Chicago, for appellees.

Mr. Chief Justice House delivered the opinion of the court:

This appeal is from a decree of the superior court of Cook County granting plaintiffs' prayer for specific performance of a contract to sell real estate. A freehold is involved.

The question presented by this appeal is whether the recording of an unsigned copy of a contract for the sale of land constitutes constructive notice to a subsequent purchaser.

On October 6, 1958, John Dembosz and his wife contracted to sell certain real estate in the city of Chicago to Albert J. Herzer and his wife. The contract was conditioned on the purchasers' ability to procure a G.I. loan. Herzer applied for a G.I. loan, and on October 10 Dembosz learned that this application would be denied. The next day Dembosz and his wife contracted to sell the subject property to Albert Vercruysse and his wife. On October 21 Herzer filed for record a copy of his contract which was not signed by the sellers and on the following day advised the Demboszes that he had arranged for new financing. The deal between the Demboszes and Vercruysses was closed on October 27.

It was stipulated that the Vercruysses had no notice of the contract to sell the property to the Herzers. The chan-

448

cellor held nevertheless that the Vercruysses were not innocent purchasers in that they must be held to have had constructive notice of the contract after October 21.

Under section 31 of the Conveyances Act (Ill. Rev. Stat. 1957, chap. 30, par. 30,) deeds, mortgages and other instruments of writing relating to real estate are deemed, from the time they are filed for record, notice to subsequent purchasers and creditors. Included in this section are contracts for the sale of real estate. (*Miller* v. *Akin,* 350 Ill. 186.) It is generally held, however, that the recording of an unsigned copy of an instrument does not give constructive notice to third parties unless otherwise provided by statute. (45 Am. Jur., Records and Recording Laws, sec. 110; 76 C.J.S. Records, sec. 10.) This has long been the rule in this State. *Lane* v. *Lesser,* 135 Ill. 567; *Mack* v. *McIntosh,* 181 Ill. 633.

Since the recorded unsigned copy of the contract does not operate to give constructive notice and since it was stipulated that the Vercruysses did not have actual knowledge of the contract, the chancellor erred in finding that they were not innocent purchasers. The decree of the superior court of Cook County is accordingly reversed.

*Decree reversed.*