*In re* ESTATE OF TERRILYN RANDELL, a Minor.

(No. 72-307; )

Fifth District—July 10, 1973.

*Rehearing denied July 27, 1973.*

Meyer and Meyer, of Greenville, for appellant.

Dick H. Mudge, Jr., of Edwardsville, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

This is an appeal from an order of the trial court denying a petition for appointment of the mother of a minor child to be the guardian of the person of the child.

On April 9, 1969 the parents of the child were divorced by a decree rendered in the Circuit Court of Madison County, Illinois. By the terms of the divorce decree the father was granted custody of the minor child together with that of her three sisters and the mother was granted visitation privileges. After the divorce the mother remarried and became a resident of Indiana and the father remarried and became a resident of Missouri. In 1971 the mother filed a petition to modify the decree of divorce in which she sought custody of the children. After extensive hearings her petition was denied by order entered on February 17, 1972. The child in question is the eldest of the four daughters and on May 25, 1972 she attained the age of 14 years. On June 7, 1972 a petition to appoint the mother guardian of the person of the child was filed by an

unrelated friend of the mother who resided in Madison County, Illinois. Attached to the petition was the nomination of the minor, then over 14 years of age, of her mother as guardian of her person. After a hearing on the merits the trial court denied the petition.

■■ On appeal the petitioner contends that upon reaching the age of 14 years the minor had a right to nominate the guardian of her person, subject to court approval, and that the trial court was in error in denying her petition. However, we do not reach that issue presented by the parties in their briefs. The petition for appointment of guardian states the address of the minor to be Florissant, Missouri. The testimony of the minor was that she was living with her father at the same address as that stated in the petition. There was no other evidence regarding the place of residence of the minor and we must therefore assume the minor is a non-resident of Illinois. Furthermore, the petition affirmatively shows that the minor has no estate in Illinois. In view of these established facts the Circuit Court of Madison County was without jurisdiction to entertain the petition or to appoint a guardian for the minor child.

Section 133 of the Probate Act (Ill. Rev. Stat., ch. 3, sec. 133) provides:

> "On the filing of a verified petition by a reputable citizen of this State or on its own motion the court may appoint a guardian for a minor wherever it appears necessary or convenient. If the minor is a resident of this State, the guardian of his estate and person shall be appointed by the court of the county in which he resides. If the minor is not a resident of this State, the Guardian of his estate shall be appointed by the court of the county in which he owns real estate or, if he owns no real estate in this State, by the court of the county in which he owns personal estate."

Thus, in order to secure the appointment of a guardian for a minor in the State of Illinois that minor must either reside in or own property in Illinois. It was so held in *People ex rel. Kaiser v. Medart,* 166 Ill. 348, 46 N.E. 1095 and *Barnsback v. Dewey,* 13 Ill.App.581, in which the courts were considering statutes whose provisions were essentially similar in their pertinent parts to section 133 of the Probate Act. Our case of *In re Guardianship of Smythe,* 65 Ill.App.2d 431, 213 N.E.2d 609, is not contra since there the minors owned property in the State of Illinois.

■■■ The evidence here shows the essentials necessary to invoke the jurisdiction of the court under this statute, either residence or property, are lacking. Where the trial court has no jurisdiction an appeal can confer no jurisdiction on the reviewing court. The objection to jurisdiction may be interposed at any time, even by the court of appeal on its own motion. *Barger v. Slayden,* 411 Ill. 237, 103 N.E.2d 645; *People v. Indus-*

*trial Savings Bank,* 275 Ill. 139, 113 N.E. 937; *People v. LaPorte,* 28 Ill. App.2d 139, 171 N.E.2d 95; *In re Estate of Hirsh,* 27 Ill.App.2d 228, 169 N.E.2d 591.

Judgment affirmed.

EBERSPACHER, P. J., and MORAN, J., concur.