DANNY TANNER, Plaintiff-Appellant, *v.* LETHA A. SMITH, f/k/a Letha A. Tanner, Defendant-Appellee.

Fifth District   No. 78-17

Opinion filed April 12, 1978.—Rehearing denied June 16, 1978.

Richard E. White, of Murphysboro, for appellant.

Charles W. Decker and Debra A. Buchman, both of Ridgeway & Decker, of Murphysboro, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

This is an appeal by the plaintiff, Danny Tanner, from an order of the Circuit Court of Perry County dismissing his complaint to register and modify a New Mexico divorce decree upon motion of the defendant, Letha Smith, formerly Letha Tanner. After hearing oral argument on this cause, we affirmed the order of the trial court in order to expedite the disposition of this matter which had, unfortunately, remained relatively dormant at the trial level for over a year. Hence, this opinion serves to set forth in detail this court's reasoning for its decision.

On January 5, 1970, a divorce decree was entered in the District Court of Curry County, New Mexico, granting plaintiff a divorce and awarding custody of the parties' minor child, Shelly Lynn Tanner, to the defendant with summer visitation privileges granted to the plaintiff who was also

ordered to pay child support. Subsequent to the decree of divorce the plaintiff moved to this State where he became and remains an Illinois resident. On July 1, 1976, the plaintiff took temporary custody of Shelly allegedly at the defendant's request and with her permission because of her alleged "mental instability" and inability to take care of the child. It is not clear if this period of time would coincide with plaintiff's summer visitation. Defendant in her answer to plaintiff's petition and motion to restore custody stated that she allowed plaintiff to have temporary custody while she was "temporarily ill." This illness is not further explained. According to the defendant, she subsequently made several requests to the plaintiff that he return Shelly to her but he refused to comply. On August 19, 1976, the plaintiff filed a complaint to register the New Mexico decree in accordance with section 3 of the Uniform Enforcement of Foreign Judgments Act (Ill. Rev. Stat. 1975, ch. 77, par. 90). In the same complaint he sought to obtain permanent custody of Shelly by modification of the custody provisions of the decree. He alleged defendant's "mental instability" as a change of circumstance affecting the well being of the child.

On October 19, 1976, the defendant filed a petition in the District Court of Curry County, New Mexico, presumably requesting that plaintiff show cause why he should not be held in contempt for failing to comply with the terms of the 1970 divorce decree. After a hearing at which the plaintiff was represented by counsel, the New Mexico court found the plaintiff in contempt of court for failing to pay child support as ordered by that court and for his willful refusal to return Shelly to the defendant, the lawful custodian of the child. On November 1, 1976, the defendant, through her attorneys in this State, filed a limited appearance for the purpose of attacking the jurisdiction of the Circuit Court of Perry County and a motion to restore custody to her. Arguments were presented and both parties filed briefs in the trial court, each party addressing the issue of whether the court should decline to exercise jurisdiction in the cause pursuant to the doctrine of *forum non conveniens.*

On December 19, 1977, the court entered an order granting the defendant's motion to dismiss the complaint to register the decree based upon the doctrine of *forum non conveniens* and ordering the plaintiff to return custody of the minor child to the defendant. The court found that jurisdiction existed pursuant to section 601 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 601) and ascertained the issue to be whether or not an Illinois court should exercise its jurisdiction. The court found, *inter alia,* that (1) the defendant had no contacts or "connection" with Illinois, (2) the plaintiff's allegation of the defendant's mental instability might require the production of witnesses

and evidence only available in New Mexico, and (3) the allegation of "change in circumstances" which would justify the modification of the custody provision of the New Mexico decree could possibly require medical testimony and an awareness of the circumstances that existed at the time the original decree was entered and that such information would be readily available to the New Mexico court. The court also found that since the defendant had voluntarily submitted to the jurisdiction of the New Mexico court and subsequently voluntarily moved to Illinois, it would not be inequitable to determine the matter in New Mexico.

We are of the opinion that the trial court properly dismissed the plaintiff's complaint to modify the New Mexico divorce decree; however, we do not rest our decision on the equitable doctrine of *forum non conveniens*. The doctrine of *forum non conveniens* presumes that the court has jurisdiction, while a second presumption is that there is at least one available alternate forum in which the action could be heard other than the forum in which it is pending. In the instant cause, our reading of section 601 of the recently enacted Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 601) in connection with the facts of this case leads us to conclude that the Circuit Court of Perry County was without jurisdiction to entertain the plaintiff's complaint to modify the New Mexico divorce decree.

Section 601 of the Act provides in relevant part:

"§601. Jurisdiction—Commencement of Proceeding.

(a) A court of this State competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification judgment if:

(1) this State is the home state of the child at the time of commencement of the proceedings, or had been the child's home state within 6 months before the commencement of the proceeding and the child is absent from this State because of his removal or retention by a person claiming his custody or for other reason and a parent or person acting as parent continues to live in this State; or

(2) it is in the best interest of the child that a court of this State assume jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this State, and there is available in this State substantial evidence concerning the child's present or future care, protection, training and personal relationships; or

(3) the child is physically present in this State and has been abandoned, or is neglected or dependent, or it is necessary in an emergency to protect him because he has been subject to or threatened with mistreatment or abuse; or

(4) no other state has jurisdiction under prerequisites substantially in accordance with paragraphs (1), (2) or (3), or another state has declined to exercise jurisdiction on its determination that this State is the more appropriate forum to determine custody of the child; and it is in the child's best interest that the court assume jurisdiction.

(b) Except under paragraphs (3) and (4) of subsection (a), physicial presence in this State of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this State to make a child custody determination." (Emphasis added.)

Section 601 of the Act establishes the jurisdictional standards which must be present before an Illinois court, competent to decide child custody matters, may make a child custody determination "by initial or modification judgment." We must assume the general assembly used the term "jurisdiction" in the technical sense of jurisdiction over the subject matter, that is, child custody. Section 601(a)(1) vests jurisdiction if Illinois is the home State of the child at the time of the commencement of the proceedings. When the instant proceedings were initiated in August 1976, Shelly's home State was New Mexico, the resident State of her mother and legal custodian, the defendant. Section 601(b) provides that except under paragraphs (3) and (4) of subsection (a), which are not applicable to the facts of this cause, physical presence in this State of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on an Illinois court.

■■ Section 601(a)(2) confers jurisdiction when it is in the best interest of the child that an Illinois court assume jurisdiction because the child and at least one contestant have a significant connection with this State. In this regard, the only connection Shelly appears to have with Illinois is her presence here for 20 months occasioned by her unlawful detention in this State, as determined by the New Mexico court, by her father, the plaintiff. Moreover, section 601(a)(2) conjunctively requires that there be available in this State substantial evidence concerning the child's present or future personal relationships, care and training. Nothing in the proceedings in the trial court suggested the availability of such evidence. The plaintiff attempted to supplement the record by the affidavit of his attorney setting forth the names of witnesses he would call at a hearing; however, the substance of the testimony of these individuals was not set forth nor was any offer of proof made in the trial court. We are of the opinion that this provision, when read in conjunction with section 601(b) of the Act requires that there be present in this State substantial evidence concerning the child's present and future circumstances in the custodial

home. In this regard, we agree with the trial court and the defendant that the substantial evidence concerning these factors is present in New Mexico rather than Illinois.

■■ The defendant asserts that the jurisdictional requirements of section 601 of the Act essentially codifies the doctrine of *forum non conveniens* as enunciated in prior case law and applies these factors to child custody modification proceedings. We note that section 601 of the Illinois Marriage and Dissolution of Marriage Act is section 3 of the Uniform Child Custody Jurisdiction Act verbatim. This Act has been adopted in 17 States to date. The explanatory material contained in the Commissioner's Note to section 3 of the Uniform Act would construe section 3 consistent with the views we have herein expressed regarding the scope and intent of the jurisdictional standards in child custody determinations. We further note that section 7 of the Uniform Act provides for the application of the doctrine of *forum non conveniens* (entitled "Inconvenient Forum") by a court which has jurisdiction but which determines that a court of another State is a more appropriate forum. Although the Uniform Act has not been adopted in this State, it would appear that the provisions of section 601 of the Illinois Act evince a legislative intent to avoid painful interstate disputes on the issues of child custody. The evidence here shows the essentials necessary to invoke the jurisdiction of the court under this statute are lacking. Contrary to the plaintiff's contention, the objection to jurisdiction may be interposed at any time, even by the reviewing court on its own motion. *Barger v. Slayden,* 411 Ill. 237, 103 N.E.2d 645 (1952); *In re Estate of Randell,* 12 Ill. App. 3d 640, 298 N.E.2d 735 (5th Dist. 1973).

For the foregoing reasons, the order of the Circuit Court of Perry County is affirmed.

Affirmed.

EBERSPACHER, P. J., and G. J. MORAN, J., concur.